WARNER, Administrator, v. PACE, *et al.*

1. TRIAL BY COURT: REVIEW OF EVIDENCE. Where a cause is tried by the court, instead of a jury, and no special finding of the facts is requested by either party, nor a motion made for a new trial for the reason that the finding of the court is contrary to the evidence, this court will not review such finding, though all the evidence is presented in the record.
2. PRACTICE: SAME. The appellate court has no power to review the finding of the court or jury upon the evidence, when it is not presented as a question of law upon a statement of facts found, or upon a motion for a new trial.

*Appeal from Decatur District Court.*

WEDNESDAY, APRIL 18.

ACTION on a promissory note executed by Pace and twelve others, who are defendants. All of the defendants except Pace answered, that they signed the note as sureties upon the express understanding and agreement that it should not be delivered to the payee, (the decedent) until it was signed by twenty persons; of which agreement and understanding it was further alleged that said payee had notice when the note was delivered to him. Plaintiff appeals.

*C. C. Cole* for the appellant.

*Williamson & Nourse* for the appellee, relied upon *Bowen & King* v. *Hale*, 4 Iowa 430; *Byington* v. *Woodward & Warde*, 9 Iowa 360; *Ruble* v. *McDougal*, 7 Iowa 90; *Stewart* v. *Ewbank*, 3 Iowa 191 and 481; *Galligher* v. *Vales*, Admr., 6 Ib. 387.

BALDWIN, J.—The right of trial by jury was waived by both parties and the cause submitted to the District Court. The evidence introduced by the plaintiff and defendants upon the trial is set forth in the transcript. The court found in favor of plaintiff as against Thomas Pace, and dismissed plaintiff's cause of action as to the rest of the defendants, to

which finding of the court the plaintiff excepted, and this action of the court is assigned as error. It does not appear that either party requested that the statement of facts, as found by the court, be reduced to writing and made a part of the record of the case. Nor was there any motion for a new trial for the reason that such finding was contrary to the evidence, nor does it in any manner appear that any question of law was presented to the District Court for its determination.

When the right of trial by jury is waived and the cause is submitted to the court, and no record of the facts, as found upon trial, is made by the court, the appellate court has no more power to review such finding than it has to review the verdict of a jury. There was no question of law presented to the District Court in this cause to be passed upon. If the evidence was insufficient to justify the court in finding as it did, the plaintiff, by a motion for a new trial, should have presented this question to the District Court.

Judgment affirmed.