---

## CORNER & CO. v. GASTON.

1. PRACTICE IN THE SUPREME COURT. This court will review a statement of facts and the conclusions founded thereon, when made of record by the court finding the same, under section 1793, Code of 1851.
2. SAME: PRESUMPTIONS. When such a statement is made of record this court will presume that it was done in compliance with a request made by one of the parties, though no such request appears of record.
3. SAME. When no statement of the facts upon which the conclusions

of the court are based are made of record in the manner prescribed by said sections, the finding of the court upon the evidence can be reviewed only as a question of law upon a bill of exceptions to pertinent rulings of the court on the trial, or to the overruling of a motion for a new trial, for the reason that the finding is against the evidence.(1)

### Appeal from Marion District Court.

### SATURDAY, JUNE 16.

TRIAL by the court. The record presents a statement of facts found and the conclusions of the court thereon. Judgment was rendered for the defendant, and plaintiff appealed to this court. The appellee moved the court to dismiss the appeal, for reasons stated in the opinion.

George May for the motion.

J. E. Neal contra.

LOWE, C. J.—A motion is made in this case to dismiss the appeal, for the reason that the record raises no question which this as an appellate court can entertain and determine. It seems that the whole case, including the facts thereof, had been submitted to the court. From the evidence adduced the court found certain facts, from which he held, that the law was with the defendant, and accordingly rendered a judgment against the plaintiff for costs. No exception was taken to the decision of the court, nor was any motion made for a new trial. Plaintiff appeals and assigns for error, that the court below rendered judgment for defendant instead of the plaintiff.

There seems to be some confusion of ideas as well as diversity of opinion among the bar, as to the true mode of

(1.) This ruling was followed in Fye v. Turnbell et al., decided at the December term, 1860. This case is not reported at length for the reason that no formal opinion was delivered by the court.

bringing a cause by appeal to this court when it has been tried by the court below without the intervention of a jury. Section 1793 of the Code provides, "that upon the trial of a question of fact by the court its decision, if requested by either party shall be given in writing, stating the facts found and the conclusion founded thereon separately, all of which shall be entered upon the record." This done, the record will present a question which this court may properly revise, and that is, whether the court below made a legal application of the law to the facts found; or in other words, made a right decision upon those facts—which is a question of law. This special finding of the facts by the court, not unlike the special finding of a jury, when entered of record becomes a part of the judgment entry and takes the place of a bill of exceptions for all questions of law legitimately deducible from the same; and which enables either party, if aggrieved by the decision of the court below, readily to remove the cause into this court for its review, not of the finding of the facts but of the correctness and legality of the conclusions drawn from the facts thus found. If, however, the court trying the cause below, should not thus find the facts and have them spread upon the record, together with his conclusion thereon, the only other method of getting the cause into this court for the purpose of correcting errors of law is by bill of exceptions to some material ore tenis ruling of the court during the progress of the trial; and if the motion is refused, to except, and embody all the evidence in a bill of exceptions, for the purpose of having a revision of that motion in this court. When, however, a party excepts to the decision of the court upon a question of fact submitted, and brings up a copy of the evidence offered, certified to in a bill of exceptions, and asks this court to correct a judgment, claimed to be erroneous as founded upon the evidence, it is submitted, how can this be done without finding the facts from the evidence for ourselves, which would de facto be trying the cause anew; a matter which it is not competent for this court to do in a law case. Yet this was

substantially the condition of the record in the case of *Warner* v. *Pace et al, ante,* also of the case of *Palmer* v. *Caster et al.* If the case under consideration presents a record of the description of those just named, then no question of law can arise which this court should entertain, and the motion to dismiss ought to prevail. But if the record has been made up substantially as required by section 1793 of the Code, so as fairly to present a question which a court of errors may rightfully consider, then the motion should be overruled and the cause retained for hearing. The record in this case does show that the court did, from the evidence introduced, find the facts, which, with his conclusions thereon, were duly entered of record. It is true that it does not appear affirmatively from the record that this was done at the request of either of the parties. But it was done, and the assignment of errors relate to the legal conclusions drawn by the court from these facts.

The question then recurs, whether it should appear of record that the facts thus found had been thus entered at the request of either party before this court could take jurisdiction of the cause. We hold that a fair construction of this section of the Code does not mean that the request, as well as the facts and the conclusions of the court thereon, must be entered of record. It is not usual to encumber the record with the facts of a case, and when it is done in the manner set forth in this cause, we will presume that it was done at the request of one or both of the parties.

The motion is overruled and the cause set down for hearing.[1]

---

1. This cause was afterwards heard, and the judgment below affirmed without any written opinion.