## HEIRS OF REYNOLDS v. MILLER, Adm'r.

1. PRACTICE: FINDING OF FACTS BY COURTS. The Supreme Court will not review the finding of the court below upon the evidence, even when all the evidence is presented in the record, unless the proper foundation has been laid by a finding of the facts, as contemplated by § 1793 of the Code, or by a motion for a new trial, following *Warner* v. *Pace*, 10 Iowa, 391; *Corner & Co.* v. *Gaston*, and *Fye* v. *Turnbell*, Id., 513; *Roberts* v. *Horgh*, 12 Id., 345.

2. APPEAL FROM COUNTY COURT: ORDER OF SUPREME COURT. When upon the hearing of an appeal from a judgment of the District Court sustaining a demurrer to a petition for the allowance of an appeal from an order

of the county court, it was directed by the Supreme Court that the judgment of the District Court should stand reversed, the cause be remanded and the appeal allowed as prayed for in said petition, it was held, that the court below did not err in making the order commanded by the Supreme Court, or in refusing to hear evidence touching an issue raised by the defendant on the allegations of the petition, after the order allowing the appeal was made.

*Appeal from Lee District Court.*

SATURDAY, OCTOBER 18.

THIS cause was before this court in 1858 (6 Iowa, 459). Miller was appointed by the County Court of Lee County administrator of the estate of Otis Reynolds. The heirs of Reynolds and others interested applied to the District Court for the allowance of an appeal, after the expiration of thirty days, under § 134 of the Code. A demurrer to the petition was sustained, and on the former appeal this ruling was reversed. When the cause was remanded, the appeal was allowed, and the whole cause was heard upon the merits. The order granting the letters was reversed, and from this ruling the administrator appeals.

*J. Williams* and *George C. Dixon* for appellant.

*Rankin & Miller* and *Thomas F. Withrow* for appellees.

WRIGHT, J.— Counsel for appellant present two questions: 1. Was it error in the District Court to grant an appeal on the *ex parte* petition and affidavit of plaintiffs? 2. Did the court below, upon the whole merits of the case, err in reversing the action of the county court? The second inquiry will first receive attention.

Upon the hearing a large amount of documentary and oral testimony was received. Several questions of fact as well as of law were closely and strongly contested. Thus it was deemed important to ascertain whether the ancestor left property within this state subject to administration—

whether plaintiffs (the heirs) held the property, which is claimed as the foundation for the administration, by descent or purchase—whether the right to appoint an administrator was or was not barred by a so-called statute of limitations —whether there had or had not been a prior "original" grant of administration, within the meaning of § 1325 of the Code—and whether, generally, the circumstances were such as to require administration upon this estate after the lapse of seventeen years from the death of Reynolds. All this testimony, and all those facts, were submitted to the court. No facts were found, as contemplated by § 1793 of the Code, but after examining all the testimony the court found adversely to the position of the administrator. There was no motion for a new trial, but the whole case is brought here for revision upon the facts, all of the testimony being before us by bill of exceptions. Upon this state of the record appellees moved, at the last term of this court, to strike this bill of exceptions from the files, insisting that by this there was no question legitimately presented for our review. After full argument, this view, upon the authority of *Warner* v. *Pace,* 10 Iowa, 391; *Corner & Co.* v. *Gaston,* Id., 513; *Fye* v. *Turnbell,* Id., 513; *Roberts* v. *Hoyt,* 12 Id., 345, was sustained. This conclusion leaves no question for our examination under what is styled the second bill of exceptions, nor under the second point made by appellants.

We have, then, only to determine whether, after the cause was remanded, the court ruled correctly in allowing the appeal.

The law (Code, § 134) provides that if a party entitled to an appeal fails without fault on his part to claim or perfect or prosecute his appeal, he may apply to the District Court, which upon being satisfied of the above matter, and that the case requires revision, may authorize an appeal to be taken upon such terms as it deems reasonable, and may

make such order as may be requisite to give it effect. But no appeal shall be thus allowed without due notice to those adversely interested, nor after one year from the act complained of.

In this case due notice was given of the intended application, and it was made within the year. Upon the face of the petition there is abundant matter stated to show that the cause required revision, and that petitioners were not in fault in not taking the appeal within thirty days as provided in § 131 of the Code. It was so ruled when the case was formerly before us, and the order was, that "the judgment of the District Court be reversed, with directions to allow the appeal, and hear the cause of petitioners." (6 Iowa, 459.) The cause then stood upon demurrer to the petition. A bill of exceptions shows that afterwards in the District Court plaintiffs based upon their sworn petition and the *procedendo* and order of this court moved for the allowance of the appeal. The motion was sustained, and the appeal allowed, upon the giving of bond, &c. To this order defendant excepted.

It is admitted that an appeal may be allowed after the expiration of thirty days from the order appealed from, but it is insisted that when the cause was remanded, defendant had a right to take issue upon the facts stated in the petition, that he did make such issue, and that it was error to grant the prayer of the petition, without hearing testimony and determining thereon the issue thus made. It seems to us that there are several conclusive answers to this position. The first is, that, as we understand the record, no answer was filed, and no issue of fact raised until long after the appeal was allowed. Nor was there any application at the time the motion for the allowance of the appeal was heard for leave to controvert the facts stated in the petition. It was not suggested that defendant had a right to answer over, but the simple question was

presented whether, upon the petition, and the order of this court, the appeal should be granted.

But then, in this attitude of the case, the court had no discretion. The order was imperative from this court that the appeal should be allowed. Granting the right to answer over, until such answer was filed or offered to be, no question was made, and the court had nothing to do, but grant the prayer of the petition.

Not only so, but it may well be doubted if the statute intended that the whole merits of the case should be investigated and determined before allowing the appeal. But however this may be, appellant is in no condition to complain, for there has been a full hearing—the whole merits nave been investigated, and determined against him. He did take issue upon all the matters stated. This issue was determined in favor of the party asking the appeal. If there was error in allowing the appeal, therefore, without first hearing the administrator upon issues which he claims he had a right to, or did make, it was error without prejudice.

Affirmed.