## O'CONNOR v. O'CONNOR.

1. APPEAL IN PARTITION. Partition being an ordinary and not an equitable action under the statute, a partition cause can be reviewed by the Supreme Court only upon proper exceptions to the ruling of the Court below, and not *de novo* as in chancery causes.

*Appeal from Monroe District Court.*

THURSDAY, DECEMBER 10.

ACTION for the partition of certain real estate, an interest in which the plaintiff claimed as the heir of Thomas O'Connor, deceased. The defendant claimed the title to all of the land in controversy, under certain conveyances which were set out in the answer. Judgment for the complainant, and commissioners appointed to make the partition. The respondent appeals.

*Seevers & Williams* for the appellant.

*T. B. Perry* for the appellee, cited Rev., 1860, § 4178; Code of 1851, §§ 4178, 2037; *Warner*, Adm., v. *Pace et al.*, 10 Iowa, 391.; *Kelso* v. *Ely et al.*, 11 Id., 501; *Corner & Co.* v. *Gaston*, 10 Id., 512; *Roberts* v. *Hoyt*, 12 Id., 345.

BALDWIN, Ch. J.—It has been held by this Court, in the case of *Wright* v. *Marsh et al.*, 2 G. Greene, 94, that partition suits can be adjudicated in the Supreme Court on errors at law only; that such suits must go to the appellate court like actions at law, and not like suits in equity.

Under the Code of 1851, which was in force when this action was commenced, there is no such provision as would authorize a different ruling. Under the Revision, the action of partition is an ordinary, and not an equitable, proceeding.

If this proceeding was an equitable one, it could be determined in this Court upon its merits, and without exceptions to the findings and rulings of the Court below. It being, however, an action at law, and no exceptions having been taken to the action of the Court in sustaining the motion to confirm and adopt the report of the referees in making partition, and the judgment of the Court thereon, the cause falls within the rule laid down in the case of *Warner, Adm.,* v. *Pace et al.,* 10 Iowa, 391, and the judgment must stand

Affirmed.