## McCoy v. Julien.

1. PRACTICE: APPEAL. The party against whom a ruling of the District Court is made, upon the admissibility of evidence, may except to the same, and where it virtually disposes of the whole case, appeal from it to the Supreme Court, without interposing a motion for a new trial. WRIGHT, J., dissenting.

2. PERFORMANCE OF CONTRACT. When a contract for the sale of personal property fixed the time and place for the delivery of the same to the vendee, the vendor cannot recover against the vendee for a breach of the contract, without showing that he was ready and willing to make the delivery at the time and place agreed upon. It is not sufficient to show that he was able and willing to perform on his part.

*Appeal from Lucas District Court.*

WEDNESDAY, DECEMBER 16.

THE plaintiff, in July, 1860, bought of defendant a lot of hogs, and it was agreed that they were to be delivered in Chariton, Iowa, between the first and tenth days of August following; that they were to weigh two hundred and fifty pounds each; that plaintiff was to pay a certain rate per hundred pounds therefor when weighed and delivered. Upon this contract plaintiff advanced to defendant the sum of forty dollars. The hogs were not weighed and delivered by the defendant, or received by the plaintiff. The plaintiff brings this action for money had and received, to recover the forty dollars.

The defendant denies any indebtedness, and sets up, by way of cross claim, that plaintiff had not fulfilled his part of the contract, and that he sustained damages thereby, which he asks may be set off against plaintiff's demand, and that he may have judgment for the balance due. The defendant sets up in his answer the written contract, and alleges that the hogs of the character named were at the proper time on his place, two miles from Chariton, ready for delivery, but that the plaintiff was not there on the day named ready to receive and pay therefor, and that it was useless for him to drive the hogs to town. On trial there was a verdict and judgment in favor of plaintiff. Defendant appeals.

*James Baker* for the appellant.

*T. B. Perry* and *J. M. Stewart* for the appellee.

BALDWIN, Ch. J. — Upon the trial, in the District Court, the defendant proposed to offer testimony by which he could prove that he had on his farm, within two miles of Chariton, hogs of the number, weight and quality named in the agreement; that he was ready, at the time named, with the requisite number of hands, to drive them to town to be weighed and delivered; that the hogs were very heavy, and the weather very warm, so that they could not have been driven to town and back without great damage to him, as the plaintiff was not there to receive them; that if plaintiff had been ready to perform his part of the contract, defendant would have brought in the hogs in one or two hours' time.    Defendant also proposed to prove that he came to Chariton during the days named, to see whether the plaintiff was ready to receive them or not; that on every day he so came he made inquiry for said plaintiff; that said plaintiff was not at Chariton at any time within the days named; that said plaintiff had an agent at Chariton during a part of the first day of said time, to receive said hogs; that said agent was a stranger to defendant, and did not make himself or his business known to defendant; that said agent stated to one Musselman that he was told by plaintiff not to make himself or his business known to defendant; that defendant went to the plaintiff's residence, in Monroe county, to notify plaintiff that he had the hogs ready for delivery; that he did not find the plaintiff at home, but requested the wife of plaintiff to advise him that the hogs were ready for delivery; that defendant was compelled to sell the hogs in the fall for a less sum than he would have received if plaintiff had taken the hogs as he had agreed to.

To the introduction of all this evidence the plaintiff objected, and the Court refused to allow said testimony, or any part thereof, to go to the jury as a defense to plaintiff's claim, or in support of his set-off, unless the defendant proposed to show that he had taken the hogs to town and

offered to deliver them.  To this ruling the defendant ex-
cepted at the time, and assigns this ruling as error.

As a preliminary question, it is claimed by counsel of
appellee that the appellant did not file a motion for a new
trial in the Court below, and therefore he cannot be heard
upon his assignment of error in this Court.

This case does not fall within the ruling of this Court in
the case of *Warner, Adm.,* v. *Pace et al.,* 10 Iowa, 391,
cited and relied upon by counsel.  In that case no question
of law was raised by the exceptions.  The cause was sub-
mitted to the Court upon the facts, instead of to a jury.
The Court, upon the evidence, arrived at a conclusion
which, in contemplation of law, was the same as the verdict
of a jury.  To this the appellant excepted, and it was held
that to this finding or verdict an exception thereto did not
present a legal question that could be reviewed by this
Court; that, in order to present to the Court a legal ques-
tion, a motion for a new trial must be made.  If the Court
had granted or refused a new trial, it would have exercised
a legal discretion that could have been reviewed.  In the
case of *Corner & Co.* v. *Gaston,* Id., 512, there was a finding
of facts in accordance with the provisions of the statute, by
the Court, upon the evidence, the cause having been heard
by the Court.  In the application of the law to the facts
found, the Court determined a legal proposition, such as it
was held could be appealed from and its judgment reviewed
without a motion for a new trial.

"If, however," it is said, "the Court trying the cause
below should not thus find the facts and have them spread
upon the record, together with its conclusions thereon, the
only other method of getting the case into this Court for
the purpose of correcting the errors of law is by bill of
exceptions to some material *ore tenus* ruling of the Court
during the progress of the trial, or by motion for new trial."
See manuscript opinion.

Whether a party could appeal from some intermediate ruling of the Court, made during the progress of the trial, such as the refusal to give instructions, to admit or reject evidence, and assign such ruling as error, without first having made a motion for a new trial, does not appear to have been a question directly presented in the case above quoted. Yet, as it is stated, there seemed to have been some diversity of opinion in regard to the proper practice in such cases, and the true rule was there intended to have been given.

By section 2631 of the Revision of 1860 it is provided "that the Supreme Court has appellate jurisdiction over all judgments and *decisions* of any of the District Courts, as well in case of civil actions, so called, as in proceedings of a special or independent character." The ruling of a Court upon the admissibility of evidence, or the refusal to give an instruction, *is a decision* upon the legal right of a party, and the law seems to contemplate his right to appeal directly from such ruling. A final judgment need not be entered before the party aggrieved by such ruling can appeal.

In the light of the foregoing ruling, and in accordance with what we conceive to be the provisions of the statute, a majority of the Court hold, that where there has been a decision by the Court upon the admissibility of evidence, by which ruling the whole cause, as in this case, has been virtually disposed of, and this ruling properly excepted to, the party against whom such ruling is made can appeal therefrom without a motion for a new trial based upon the ground that such ruling was incorrect.

The question next arises whether the Court erred in rejecting this evidence. It will be recollected that plaintiff does not bring his action against defendant for a violation of the contract; he sues to recover back the forty dollars had by defendant.

The defendant by his cross-claim seeks to recover of plaintiff because he violated his contract by not being in Chariton at the proper time to receive and pay for the hogs. The proposed evidence as to what the agent of plaintiff said, or as to defendant going to plaintiff's house to notify him that the hogs were ready, was improper and could avail defendant nothing. The question is reduced to the simple proposition, whether the fact that the defendant went to town every day and inquired for plaintiff, and could not find him there, would relieve the defendant from a fulfillment, on his part, of the contract, and entitle him to recover for a failure on the part of plaintiff. The time and place of delivery was fixed in the contract, and before the defendant could claim damages for any breach by plaintiff, he should show a compliance upon his part with every condition to be performed by him. The contract was of an executory character, certain things were to be done by both parties before it was completed. The defendant agreed to deliver hogs of a certain weight at a certain place and time; and this he was to do before the purchaser was to receive and pay therefor, and it could not be completed without his concurrence.

"If the act agreed to be done by one party cannot be completed without the concurrence of the party for whom it is to be done, the former must do all that he can do without such concurrence to complete the act, and if the party who is to do the act offers and does all he can without such concurrence, he does what is equivalent in law to an actual performance and may insist upon any recompense he was to have upon such performance." See Addison on Contracts, 1132.

When one binds himself to deliver goods or property to another he engages to do an act which cannot be completely performed without the concurrence of the party to whom a delivery was to be made. Without an acceptance on the

part of him who is to receive, the act of him who is to pay can only amount to a tender. The defendant was, therefore, bound to do all he could do without the concurrence of the plaintiff to make the delivery complete; and to do this he would have to drive the hogs to town and have them weighed and ready for delivery. If the plaintiff was not there to receive them, the defendant could then recover for all the damages sustained by the failure of plaintiff to perform on his part. The facts offered to be shown by defendant, if proved, would not show that he had done all he could do to make a complete delivery. The daily inquiry by defendant, in Chariton, for plaintiff, and his failure to find him does not prove conclusively that plaintiff was not there in person or by agent, or would have been if the hogs had been driven in, but, even if not there, the defendant should have made the tender at the place of delivery. With the statement made by defendant to the Court, that he did not expect to follow up the proposed evidence, by showing that he had driven the hogs to Chariton, it was proper for the Court to determine the law of the case without allowing this evidence to go to the jury.

Affirmed.

WRIGHT, J., *dissenting.*—Believing that a motion for a new trial was necessary in this case, to present the point made by appellant for our review, I have not deemed it necessary to determine the correctness of the second question discussed in the foregoing opinion. Because there was no such motion, the judgment below should be affirmed.

The majority opinion misconceives, as I believe, the meaning of § 2631 of the Revision, and misapplies the cases of *Warner, Adm'r,* v. *Pace,* and *Corner & Co.* v. *Gaston,* 10 Iowa, 391, 512. In those cases, the question here made did not arise, and if anything was said which can be construed as bearing upon it, it is mere *dicta,* and should not

be taken as authority.  But if so, as I took no part in said
decisions, I do not regard myself as concluded by them.
I am not aware of any case in this State in which it has
been held that a motion for a new trial was not necessary.
I think the court below should always have an opportunity,
while the record is still before it, to retrace its steps, and
that this is and should be given by a motion for a new
trial.  This, I am sure, is the practice, and I feel equally
well satisfied that it is the law.  More I need not say at ·
this time. .