## DUNCAN v. ROSELLE *et ux.*

ı. HUSBAND AND WIFE: STATUTE AND COMMON LAW. The provisions of the Code of 1851, touching the rights of husband and wife, supersede the rules of the common law relating to the same subject only to a limited extent.

2. SAME: WIFE'S EARNINGS AFTER MARRIAGE. Money or property acquired by the labor and industry of the wife, during coverture, vests in the husband, and is liable for his debts.

3. SAME: When the wife acquires real estate by her own labor, during coverture, and takes a conveyance of the same in her own name, she thereby becomes a trustee, holding the same for her husband and his creditors.[1]

*Appeal from Des Moines District Court.*

MONDAY, APRIL 4.

IN March, 1856, the parties resided in the neighborhood of Piqua, Ohio. About that time the defendants sold a house and lot, which they owned, for $1,100, and after paying some debts which they owed, they removed to Burlington, Iowa, leaving an indebtedness of $200 to the plaintiff unpaid, but upon which he afterwards obtained a judgment against W. M. Roselle, in the District Court of Des Moines County.

In the spring of 1858 Frederick Funk, of Burlington, conveyed the north half of lot seven hundred and sixteen to Lucinda Roselle, for the consideration of four hundred dollars. Upon this lot the defendants erected a dwelling, and resided in the same. Finding no other property out of which to satisfy his judgment, the plaintiff filed this, his creditor's bill, to subject the house and lot aforesaid to payment of his claim, alleging that the same had been purchased and built with the means of the defendant, William M., and the title taken in the name of his wife, Lucinda, to

---

[1] The question determined in this case was presented by the facts, but does not seem to have been considered by the Court in *Cheuvette* v. *Mason*, 4 G. Greene, 231.                                                                 REPORTER.

defraud creditors. The answers deny this allegation, and affirm that the lot was purchased and the house built (except the carpenters' work), with the money earned by the said Lucinda in Burlington, at her trade as milliner and dressmaker, and that the title thereto was taken in her name for a lawful purpose. On the hearing, the Court held, and so found, that the evidence supported the answer, and dismissed the plaintiff's bill, and thereupon he appeals.

*Crocker & Smythe* for the appellant, filed a written argument discussing at length the evidence in the cause, and citing, in support of the proposition that the earnings of the wife during coverture become the absolute property of the husband, and are liable for the payment of his debts, the following authorities: 2 Kent's Com., 9th ed., 1301; Clancy's Husb. and Wife, 3, 70, 251; Whart. Law Dict., 927; *Rodemeyer* v. *Rodman*, 5 Iowa, 426; *Yale* v. *Dederer*, 4 Smith (N. Y.), 272; *McCrory* v. *Foster*, 1 Iowa, 271; *McKinney* v. *The Western Stage Company*, 4 Id., 420; *McMullen* v. *McMullen*, 10 Id., 412.

*J. C. & B. J. Hall* and *J. Tracy* for the appellee, filed an argument in reply, and commenting on the authorities cited by the appellant.

LOWE, J. — Whether the premises in dispute were purchased with the husband's means, derived from the proceeds of his Ohio property, or with the money of the wife earned as a dressmaker in Burlington, is a question concerning which the evidence is somewhat conflicting, with a preponderance, perhaps, in favor of the latter proposition, yet in respect to which we feel relieved from expressing any positive opinion, because we are constrained to hold that whether the one or the other is so is an immaterial matter in this controversy. The marital rights of the husband and wife, as they exist at common law, are undoubtedly changed

Duncan v. Roselle.

and modified by the Code; not in all particulars, but in a prescribed or to a limited extent.

For instance, personal property or specific articles of personal property, or money, or things in action, which the wife may bring into the family at marriage, or which, after coverture, may be derived from her parents by gift or devise, or from other third persons, for a consideration originating outside of the marital relation, does not at once, under the statute, vest in the husband, but she may hold such property as her own, exempt from her husband's debts, even although she leave the same under his control, provided, nevertheless, she complies with the provisions of the statute in giving notice, and duly filing her right thereto for record, &c.

This, with some other minor or less important provisions, is the general scope of the changes which the statute has made upon the common law on this subject; and it does not in terms or by necessary implication provide that the money or other property which the wife may acquire by her own labor and industry during coverture, whilst she is receiving the protection and support of her husband, shall vest in herself or be exempt from her husband's debts. But, on the other hand, by the principles of the common law, the ownership thereof did vest at once in her husband, and should be made available for the payment of his debts. In all such cases we are to follow, first, the rule prescribed by the statute, if it has laid one down; if not, then the doctrine which obtains at common law, by the rules of which, in the case before us, the right to and property in the money which Lucinda earned in dressmaking vested at once in her husband; and if she purchased real estate with it, taking the title in her own name, she holds the property simply in trust for her husband and his creditors. Such being the law, the decree in this case should have been for the plaintiff, subjecting the property in con-

troversy to the satisfaction of his execution. Such a decree will be entered in this Court, and the judgment below

Reversed.