## FOWLER v. DOYLE et al.

1. JUDGMENT ENTRY. When a judgment entry is obscure, it will be construed in the light of the pleadings and the entire record.

2. GARNISHMENT: PROMISSORY NOTES. While the rights of the holder of a promissory note may be affected by a garnishment of the maker before the transfer under which he claims, the rights of a holder who received a note before garnishment are not affected thereby.

3. SAME: INTERVENORS. When the amount due on a promissory note is claimed by a judgment plaintiff under a proceeding in garnishment, and by an indorsee under a transfer before garnishment, the court should proceed, under section 2527 of the Revision of 1860, to have all the parties interested brought before the court.

*Appeal from Jones District Court.*

THURSDAY, JUNE 23.

THIS action was brought in the Jones District Court to foreclose a mortgage made by the defendants to secure the following note:

"$100. On the 1st day of January, 1863, I promise to pay to Mary Ann Doyle one hundred dollars. Dated December 13th, 1861. . PATRICK DOYLE."

The plaintiff claims that the note was transferred by the payee to one Holt, and by Holt to him.

The defendant, Patrick Doyle, answers, alleging that one Patrick Reilly, at the May term, 1859, of the Webster District Court, recovered a judgment for over $800 against the payee of said note, Mary Ann Doyle and her husband Michael Doyle; that execution issued on the unsatisfied balance of said judgment to the sheriff of Jones county; that, on the 5th day of February, 1863, the defendant was attached by garnishment under said execution; that, at that time, the note was past due, and had not been transferred. In some portions of the answer it is alleged that said note was the property of Mary Ann Doyle; in other

portions, that of her and her husband Michael Doyle; and in another part of the answer, that of Michael Doyle alone.

The answer alleges that the defendant, at the time he was so attached as garnishee, had received no notice of any transfer of said note, and alleges that it had not then been transferred; that he answered as garnishee before the sheriff of Jones, on the 5th day of February, 1863, admitting an indebtedness to Mary Ann and Michael Doyle, on the note and mortgage in suit, for the full amount. thereof; that, at the April term, 1863, of the Webster District Court, judgment was rendered against him as garnishee on his answers, and that, since then, he has paid on the said judgment ninety dollars.

The cause was submitted to and tried by the Court, who rendered judgment for the defendants. The plaintiff appeals.

*J. L. Sheean* for the appellant.

*C. R. Scott* for the appellee.

DILLON, J.—One point made by the plaintiff in the court below was, that the transcript of the judgment, from Webster county, in favor of Patrick Reilly, showed no judgment against Mary Ann Doyle, but only against her husband, Michael Doyle. The record entry is far from being clear, and the entire record of that cause was not before the Court below, nor is it before this Court.

It is proper in all cases, and in cases where the entry is obscure, or not clear, it is necessary to read the record entry in the light of the pleadings and of the entire record. See, generally, on this subject, 1 Greenleaf Ev., §§ 511, 514; *Foot* v. *Glover*, 4 Blackf., 313; *Bell* v. *Mossey*, 14 La. Ann., 831; *Hughes* v. *Blake*, 1 Mason, 514.

Looking at the record entry alone, we would conclude that it contained no judgment against Mary Ann Doyle. If then, upon the testimony which was before the Court, it

was clear that Michael Doyle had, in law, no interest in the note, at the time the defendant was garnished, it would follow that the latter could not be held as the debtor of Michael.

But, under the doctrine of *Duncan* v. *Roselle*, 15 Iowa, 501, we are not satisfied that this note, though payable to the wife of Michael, was not liable for his debt.

It seems that the consideration of the note was the settlement of a suit between Patrick Doyle and Michael Doyle, and certain board and washing done for Patrick by Mary Ann Doyle, the payee.

So far, on the record before us, we have no difficulty. The great contest was, whether this note was transferred by the payee to Holt (the plaintiff's assignor) before or after the defendant was garnished. On the testimony, this point is far from being clear. If it was in good faith transferred *before* the garnishment, the plaintiff's rights could not be affected by the subsequent garnishment of the maker by a creditor of Mary Ann or Michael Doyle.

If it was transferred afterwards, the plaintiff's rights might be affected by the prior garnishment. The law in this State is clearly settled by the statute and decisions. Rev., § 3211; *Gillam* v. *Huber*, 4 G. Greene, 155; *Jefferson County* v. *Fox*, Mor., 48; approved 2 G. Greene, 127; *Walters* v. *Washington Insurance Company*, 1 Iowa, 404; *Burton* v. *District Township*, 11 Id., 165; *McCorld* v. *Beatty*, 12 Id., 299; *Stephens* v. *Pugh*, Id., 430. Although averred in his answer, the defendant did not prove that the District Court of Webster county had ever rendered judgment against him as garnishee, or that he had ever paid anything upon or in consequence of the garnishment proceedings.

It is evident, from the foregoing, that the actual adversary parties are the plaintiff in this action (Fowler) and the judgment creditor in Webster county, (Reilly). The defendant should not be compelled to pay both. He ought

to pay the one who is legally and justly entitled to payment. The judgment of the Court, in this case, relieved the defendant from any obligation to pay the plaintiff.

If no judgment is ever obtained against him on the garnishment proceedings in Webster county, he may escape payment altogether. If judgment had been rendered in this action, in favor of the plaintiff, this would not be available to protect the defendant from liability on the garnishment proceedings in Webster county. On different, or even upon the same proof, another court or jury may decide differently from what the court did in Jones county, in relation to whether the note was or was not transferred in good faith and before the garnishment.

In this attitude of the case, the Court should have proceeded or have compelled the parties to proceed, under section 2765 of the Revision of 1860. "The Court may determine any controversy between parties, when it can be done without prejudice to the rights of others, or by saving their rights. But when a determination of the controversy between the parties before the Court cannot be made without the presence of other parties, the Court must order them to be brought in."

This section is especially applicable to cases where the debtor is under an apparent liability to two different parties for or on account of the same debt or duty, and only one of them is before the Court.

It was within the power of the plaintiff to have amended his petition, and have made Reilly a party, alleging that he claimed some interest in the debt, evidenced by the note of Patrick Doyle. The Court would, doubtless, have given him leave to have done so, at almost any stage of the cause, or the defendant, under other provisions of the Revision, might have filed a cross-petition, making the plaintiff and Rielly parties to it. As supporting the position that Reilly should have been made a party, see *Forepaugh* v. *Appold*,

17 Ben. Monroe, 625, 632; *Talbot* v. *Pierce*, 14 Id., 195, 203; decided under similar statute.

It will best advance the ends of justice to set aside the decree below, remand the cause, with directions to the District Court to order the plaintiff or the defendant, as it deems most proper, to bring Reilly in as a party, and he and the plaintiff can then, in one and the same proceeding have their respective right adjudicated. This course will compel the defendant to pay some one, and will protect him from paying twice.

Reversed and remanded.