PRESNALL V. HERBERT, sheriff.

1. Practice: APPEALS TO SUPREME COURT. Under chapter 49, Laws of 1866, it is not necessary to entitle a party to have reviewed, in the supreme court, rulings of the court below, claimed to be erroneous, and to which exceptions were taken, that a motion for a new trial should have been made and acted upon in the latter court.

2. Evidence: DECLARATIONS: FRAUD. In an action of replevin, instituted by a wife to obtain possession of property taken under execution against the husband, evidence of the declarations and acts of the husband, tending to show that he had the possession and control of the property, is admissible.

3. —— In actions involving the investigation of the character of a sale alleged to have been fraudulent, a wide latitude is allowed in the admission of testimony tending to establish the fraud.

4. Husband and wife: LIABILITY OF WIFE'S PROPERTY. Personal property of the wife, in the possession of the husband, is liable for his debts, unless, before the contraction thereof, she had filed, with the county recorder, notice of her ownership, provided for by section 2502 of the Revision.

5. —— Where property thus liable is, after the contraction of the debt, exchanged for other property, the liability attaches to the property thus received in exchange.

*Appeal from Marshall Circuit Court.*

THURSDAY, JULY 25.

ACTION of replevin by plaintiff, a married woman, to recover of the defendant, who is sheriff of Marshall county, a certain mare, levied on by him under an execution against James S. Presnall, husband of plaintiff. The answer denied the ownership of plaintiff, the wrongful taking and the alleged value of the mare, and alleged the taking to be by virtue of an execution against James S. Presnall; that the mare belonged to him, and had been by him fraudulently placed in plaintiff's hands to avoid the payment of his debts. Jury trial; verdict and judgment for plaintiff, and defendant appeals.

*Boardman, Brown & Williams* for the appellant.

*Henderson & Merriam* for the appellee.

MILLER, J. — I. The appellant complains of alleged errors, committed by the court below, in the exclusion of evidence, and in the giving and refusal of instructions, all

**1. PRACTICE: appeals to supreme court.**

of which were duly excepted to. No motion for a new trial was made, or any exception taken to the judgment on the verdict of the jury, and appellee insists, therefore, that there is no question properly before this court for consideration. Previous to the taking effect of chapter 49 of the Laws of 1866, the question was unsettled, whether errors of law, occurring upon the trial, which were not embodied in a motion for a new trial, could be reviewed on appeal, or should be considered as waived. See *McCoy* v. *Julian*, 15 Iowa, 371; *Rindskoff Bros. & Co.* v. *Lyman*, 16 id. 260; *Coffin* v. *The City of Davenport*, 26 id. 515. That act, however, settled the question, by the following provision: " Section 1. *Be it enacted by the general assembly of the State of Iowa,* that it shall not be necessary, in order to authorize the supreme court of this State to review and reverse, on appeal, a judgment of the district court, on the ground of errors of law committed by the judge of the court below, on the trial, that a motion for a new trial, on these grounds, shall have been made in such court below."

Under this section of the statute, the errors complained of by appellant are properly reviewable, in this court on appeal, without a motion for a new trial having been made and overruled in the court below.

II. The first, second, third, fourth and fifth errors assigned relate to the exclusion of certain testimony, and

**2. EVIDENCE: declarations: fraud.**

will be considered together. The plaintiff, in her deposition, testified, that in 1867 she received from her father's estate $100, which she gave to her husband and took a colt, belonging to him, in exchange;

that she afterward sold the colt to David and James L. Beebout for $100, and took their note at eleven months, with interest, secured by a chattel mortgage on the mare in controversy; that her husband made the sale of the colt for her, but that he never owned the note and mortgage.

On cross-examination, she was asked the following question:

"Where was the colt kept, you sold to Beebout, and how old was it when your husband gave it to you?"

To which she answered as follows:

"It was kept in our stable; I do not know as I can tell just how old it was when I bought it, some where near a year old I should think."

This question and answer were objected to as immaterial, and were excluded. In this the court erred. The question was legitimate cross-examination, being connected with the subject about which the witness testified in chief, and the answer was material as tending to show how long the colt was kept on the premises after its sale to the plaintiff, and whether it was left in the custody or under the control of the plaintiff's husband.

This was the evident design of the question, and the answer is responsive, and tends, in some degree at least, to show that, although the wife purchased the colt, it remained in the possession of the husband, as it had been previous to the sale.

The testimony of the plaintiff, and of the husband also, shows that the husband sold the colt to Beebouts for the wife. The court refused to admit evidence of what the husband said as to the ownership of the colt, or whether Beebouts was informed by the agent of the plaintiff's interest therein. This was also erroneous. The evidence offered tended, in some degree, to show that the husband had possession of the colt, controlling and exercising acts of ownership over it, selling it as his own property.

The defendant also offered further evidence tending to

show other fraudulent transactions between the plaintiff and her husband, by showing that the wife had a large amount of property in her hands, transferred to her by her husband to defraud his creditors, which the court refused to admit. In view of the wide latitude which is allowed in the admission of testimony tending to show fraud, in cases involving the investigation of the character of a sale alleged to be fraudulent, we think there was error in excluding this evidence. In support of this view, see *Price* v. *Mahony*, 24 Iowa, 582; *McNorton* v. *Akers*, id. 369, and cases cited on p. 374.

The sixth assignment we pass over, as being too general to require examination.

III. The seventh and eighth errors complained of relate
4. HUSBAND AND WIFE: liability of wife's property. to certain instructions given by the court, and others asked by appellant, which were refused.

The substance of the instructions given was that, if the jury found that the plaintiff received the $100 from her mother, and paid the same to her husband for the colt, then the colt would be her separate property; and if she sold the colt to another person, and took a note and mortgage for the same in her own name, then such note and mortgage were her separate property; and if she took the mare mortgaged in satisfaction of the note and mortgage, then, if the mare was not reduced to the possession of her husband, but was in *her own* possession, it would not be liable for his debts, and the verdict should be for plaintiff.

The instructions refused were to the effect that, if plaintiff received the $100 from her mother in 1867, and purchased the colt from her husband with the money thus received, and left the colt in her husband's possession, or under his control, till 1869, and gave no notice of her ownership, as required by section 2502 of the Revision, that, as to the husband's creditors, the colt became his and liable for his debts; and if he afterward sold the colt as

Presnall v. Herbert.

his, and the purchaser took the same without notice of her ownership, gave his note and mortgage for the consideration, and the plaintiff, through her agent, took the mare in satisfaction of the note, and that the sheriff levied on such mare under an execution issued on a debt contracted in 1866, the plaintiff could not recover.

If, after the purchase, by the plaintiff, of the colt, from her husband, she permitted it to remain in his possession, or under his control, it would become his property, so as to be liable for his debts, unless notice of her ownership was filed for record, in the office of the recorder of deeds, of the proper county. Rev., § 2502. And if the property was under his control at the time the debt was contracted, it is subject to be taken on execution or attachment, even if notice was given before the issuing of the writ. *Odell & Updegraff* v. *Lee & Kinnard*, 14 Iowa, 412. This rests upon the principle that it is to be presumed that credit was given to the husband *upon the fact that* property under his control belonged to him, and was subject to his debts. To avoid this presumption, the wife, if she claims it as her separate property, must make her claim known by matter of record *before* the debt is incurred. The property thus left under the control of the husband being liable for his debts, any other property for which it may be by him exchanged, subsequent to the creation of an indebtedness by him while the former was under his control, would not prejudice the rights of the creditor, and hence the court erred in giving and refusing the instructions complained of. See *Duncan* v. *Roselle*, 15 Iowa, 501; *Loring* v. *Cunningham*, 17 id. 510; *Ticonic Bank* v. *Harvey*, 16 id. 141; *Odell & Updegraff* v. *Lee & Kinnard*, *supra*. The judgment of the circuit court is therefore

Reversed.