THE COMMERCIAL NATIONAL BANK OF COUNCIL BLUFFS, IA., Appellant, v. B. GILINSKY.

**Corporations:** NOTICE OF INCORPORATION: PROOF OF PUBLICATION: EXEMPTION OF PRIVATE PROPERTY. A notice of incorporation reading "the private property of stockholders was exempt from corporate suits" is held to be a substantial compliance with the statute, the word "suits" instead of "debts" not being fatal to the notice. The filing of an affidavit of publication of the notice with the Secretary of the State is also held to be directory only, and not essential to the validity of the incorporation.

**Corporations:** DIVERSION OF FUNDS: FRAUD: LIABILITY OF STOCK-HOLDERS. Defendant sold his stock in a corporation to another stockholder, accepting in payment a certificate of deposit in favor of the purchaser, but assigned to defendant. The certificate was issued upon the execution of a note of like amount to the bank by the corporation, of which defendant had no knowledge. There was no evidence of the insolvency of the corporation, or that the execution of the note rendered it insolvent, and it was shown that the stock was cancelled on the books of the corporation. *Held,* that there was not a violation of Code, section 1621, prohibiting a diversion of corporate funds, but that the transaction amounted simply to a retirement of the stock and was not a fraud upon creditors of the corporation.

**Same:** FORFEITURE OF FRANCHISE: LIABILITY OF STOCKHOLDERS FOR CORPORATE DEBTS. The mere forfeiture of a corporate franchise does not of itself create a partnership of the stockholders, as there must be some agreement of the parties either express or implied to constitute a partnership; nor does a continuation of the business in the corporate name create a personal liability of the stockholders, except such as participate therein; hence a stockholder acting simply as a purchasing agent for the corporation, and in no manner participating in its management, was not personally liable for a loan of money made by it, after a forfeiture of its franchise by nonuser, of which he had neither knowledge nor benefit.

**Appeal:** RIGHT TO REVIEW. Where the trial court in the course of a written opinion recited his findings of fact and thereupon dismissed the petition, the defendant was not entitled to appeal from the overruling of his motion to strike certain statements from the opinion, as not sustained by the evidence.

**Same.** Findings of fact are not essential to the review of a judgment, and when made may be assailed by the appellee as not warranted by the evidence, in order to sustain the judgment.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

THURSDAY, APRIL 8, 1909.

ACTION against defendant as a stockholder of a defunct corporation resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*Reed & Robertson,* for appellant.

*J. J. Stewart,* for appellee.

LADD, J.—In 1898 the Iowa Fruit & Produce Company was organized with a capital stock of $5,000 which was distributed among the three incorporators. Later A. V. Frush acquired all the stock and sold a part of it to G. G. Bell. The two conducted the company's business until August 22, 1906, when Frush sold one-third of the stock to the defendant, B. Gilinsky, for $2,500. The latter did not become an officer or director of the company, but rendered some services for it for which he was paid, and on May 18, 1907, sold the stock for the price paid back to Frush, as he supposed. The business was continued by Frush and Bell until March, 1908, when a trustee was appointed to wind up its affairs, and but enough realized from its property to pay about forty percent of its indebtedness. The plaintiff loaned the company $3,000 August 20, 1906, taking its promissory note therefor, which was renewed March 20, 1907, and again October 22 of the same year. The alleged liability of defendant is predicated on several grounds which will appear as we proceed. Section 1613 of the Code exacts the publication of a notice of incorporation for four weeks, "which must contain," in addition to the other things enumerated in the first six divisions: "(7) Whether private property is to be exempt from corporate debts. Proof of such publication by affidavit of the publisher of the newspaper in which it is made, shall be filed with the secretary of state and shall be evidence of the fact." Section 1616 of the Code provides that "a failure to substantially comply with the foregoing requirements in relation to organization and publicity shall render the individual property of the stockholders liable for the cor-

1. CORPORATIONS: notice of incorporation: proof of publication: exemption of private property.

porate debts." The notice was published within the time required, but read that "the private property of stockholders was exempt from corporate suits," and no affidavit of publication appears to have been filed with the Secretary of State. The use of the word "suits" instead of "debts" in the notice was manifestly by mistake, but we do not think it one fatal to the notice. Any one in reading the notice could reach no other conclusion than that the stockholders were not to be liable in suits against the corporation or for claims payable by the corporation. This was equivalent to saying that the debts of the corporation might not be enforced against the stockholders. In other words, instead of saying private property would be exempt from corporate debts, it in effect declared an exemption from suits to enforce such debts which would lead to the same result. Nor do we deem the requirement that affidavit of publication be filed with the Secretary of State mandatory. The object of such publication is that parties dealing with the corporation shall be informed of its character, and that it is not a natural person. *Sealon v. Grim,* 110 Iowa, 145.

It will be noted that the statute enumerates seven things the notice must contain, and when these are included and the notice published as exacted it would seem that the requirements as to publicity had been substantially complied with. How could filing of this affidavit affect the publicity given by the publication of the notice? The affidavit is but proof of the publication as the statute declares. This construction is in harmony with section 1614 of the Code, which provides that "the corporation may commence business as soon as the certificate is issued by the Secretary of State, and its acts shall be valid if the publication in a newspaper is made within three months from the date of such certificate." Why was the filing of proof of publication omitted if this were essential to render the acts of the corporation valid? If filing

of proof is not essential within the period here designated, when must it be filed? No doubt the purpose of the filing of such proof is to perpetuate the evidence of the fact of publication, as contended by appellant, and this could not well be done without placing on record the "substance and form" of the notice; but this in no wise can affect the publicity given by its publication, and, as we conclude, is not essential to a substantial compliance with the statute with respect thereto. Nor is this requirement the essence of the thing to be done, but mere proof of it, and, as no time is fixed within which the affidavit must be filed, and no prejudice could result from delay, the provision should be construed as directory.

II. The defendant negotiated a sale of his stock to Frush individually May 18, 1907, and understood that he was selling it to Frush, though the stock was merely delivered to him. In payment he received a 2. CORPORATIONS: certificate of deposit in the Council Bluffs diversion of funds: fraud: Savings Bank for $2,500 in favor of Frush liability of stockholders. which the latter assigned to him. This certificate had been issued to Frush upon the execution of a note of a like amount to the bank by the Iowa Fruit & Produce Company unbeknown to defendant. The stock was canceled on the books of the company. At the time Frush gave defendant the company's note for $300 as his share of the profits while he held the stock. This note was subsequently paid. In the second count of the petition, the plaintiff predicates the right of recovery on section 1621 of the Code, which declares that: "The diversion of the funds of the corporation to other objects than those mentioned in its articles and in the notice published, if any person be injured thereby, and the payment of dividends which leaves insufficient funds to meet the liabilities thereof, shall be such fraud as will subject those guilty thereof to the penalties of the preceding section; and such dividends or their equivalent, in the hands

of stockholders, shall be subject to such liabilities." The defendant had no part in the diversion of the funds of the company save in receiving the certificate of deposit from Frush without knowledge as to where or from whom he obtained the money. Nor does the record disclose any evidence of the insolvency of the company at that time, or that the execution of the note to the Council Bluffs Savings Bank rendered it insolvent. On the contrary, Frush testified without objection that he believed it was then solvent, and the fact that it was found to be insolvent about a year later was not alone sufficient to warrant the inference that it was so at the time of the sale or then became such. In these circumstances, it can not be said that plaintiff or other creditors were injured by the transaction, which amounted to no more than the retirement of outstanding stock.

III. The plaintiff also alleged that at the time the indebtedness to it was contracted the Iowa Fruit & Produce Company had forfeited its franchise as a corporation by nonuser, and that thereafter it was merely a voluntary association of stockholders, each of whom became liable for debts incurred. Section 1628 of the Code provides that "any corporation organized under this chapter shall cease to exist by nonuser of its franchise for two years at any one time, but omission to elect officers or hold meetings at any time prescribed by its articles or by-laws shall not work a forfeiture, if such election is held within two years of the time appointed therefor." Such a corporation continues, however, for the purpose of winding up its affairs. Section 1629, Code, *Muscatine Western R. Co. v. Horton,* 38 Iowa, 33; *Muscatine Turnverein v. Funck,* 18 Iowa, 469; *State v. Fogerty,* 105 Iowa, 32. If the charter was forfeited by nonuser, and this statute be regarded as self-executing, the necessary implication is that, during the period to which the existence of the cor-

3. SAME: forfeiture of franchise: liability of stockholders for corporate debts.

poration is extended, no powers can be exercised except such as may be necessary for the winding up of its affairs. 5 Thompson, Corporations, section 6737. But the forfeiture of the corporate franchise does not of itself create of the stockholders a partnership, nor does the transaction of business in the name of the corporation thereafter create a liability against stockholders other than those who participate therein. To constitute a copartnership there must be an agreement to that effect, either express or implied. Thus in *National Union Bank v. Landon*, 45 N. Y. 411, some of the stockholders of a corporation whose franchise had expired agreed to continue the business in the name of the company, and this was held to constitute a partnership as to third persons. But in *Central City Savings Bank v. Walker*, 66 N. Y. 424, where a note was executed by the authorized agent of the company after it had become extinct by the limitation of its statutory existence, it was held a stockholder who had not participated in any way was not liable for the payment of the indebtedness, the court saying that: "The stockholders who were but *cestui que trust*, can not, without other evidence than the proof of their interest, be held to have authorized each other, as partners, to pledge the credit of the whole, and to have empowered any one of their number to bind all in any matter within the ordinary course of business of the defunct corporation. As *cestui que trust* having a common interest, each had dominion over his own share, but had no power over that of others." "There was an entire absence of any intent of the parties to subject themselves to the risks and to the powers which are vested in each member of a partnership. By the law merchant, if the individual shareholders have received any part of the earnings of the business carried on by the trustees after the corporation ceased to exist, or have shared in the property of the corporation, they may perhaps be held to account, in equity, to the extent they have profited; but this does not make

them liable in an action at law upon the contracts of the trustees or of the corporation." See. 1 Cook on Corporations, section 243. The loan on which plaintiff bases its action was made before defendant acquired the stock, so that if the charter was then forfeited, as it contended, he did not become liable thereon. Subsequently, and while he was a stockholder, the note was renewed by the company's name being attached to a new note by some one, but without defendant's knowledge, and with no new benefit accruing to the company or to the defendant. After he had disposed of his stock, it was again renewed in the same manner. Had the indebtedness grown out of the business prosecuted in the name of the company while defendant was a shareholder, or were he shown to have received some benefit therefrom, the case would have been different. But the note of plaintiff as well as the renewals was executed and received on the theory that the corporation might exercise corporate powers, and without thought of a copartnership on the part of the bank or the stockholders of the Iowa Fruit & Produce Company, and we are of opinion that no such relation existed. The defendant's relation to the business transacted while he was a shareholder was that of purchaser for it of fruit and produce in Omaha, and, aside from this, he did not participate at all in the management of the company's affairs. This being so, he can not be charged with having induced plaintiff to deal with the company as a corporation or otherwise, and the court rightly held him not to be liable for the indebtedness.

IV. The trial judge in the course of a written opinion, which appellant embodied in its abstract, recited the facts as he found them to be, and thereupon the petition was dismissed. Later, defendant moved that certain statements be eliminated from the opinion as not sustained by the evidence. This motion was overruled, and from such ruling the de-

4. APPEAL: right to review.

fendant appealed. Appellant's motion to dismiss such appeal is sustained. *Jenks v. Smith,* 129 Iowa, 139. But its motion to strike appellee's additional abstract should be overruled. The suit was at law, and the trial to the court. The additional abstract purported to contain all of the evidence, none of which was included in the abstract as prepared by appellant. The latter insists that the findings of fact appearing in the opinion can not be questioned on appeal. In *Jenks v. Smith, supra,* the decision on the findings of fact was for the defendant, and therefore the right of the latter to question such findings was not involved. In *Kelso v. Ely,* 11 Iowa, 501, *Gillett v. Foreman,* 11 Iowa, 512, and *Warner v. Pace,* 10 Iowa, 391, the unsuccessful party was challenging the sufficiency of the evidence to support the findings of fact by the trial court. In *Roberts v. Hoyt,* 12 Iowa, 345, *Heirs of Reynold v. Miller,* 14 Iowa, 197, and *Allman v. Gilbert,* 14 Iowa, 538, there were no findings of fact. In *Corner v. Gaston,* 10 Iowa, 512, the ruling was on a motion to dismiss the appeal on the ground that the finding of facts did not appear to be at the request of either party, and the motion was overruled. All held in *Conners v. Ry. Co.,* 71 Iowa, 490, was that an appeal from a decision based on a special verdict of the jury might be considered, even though the abstract did not contain the evidence. The special findings of the court are no more conclusive on the parties than the special verdict of the jury, and, when either is unsupported by the evidence, it ought not to be made the basis for the reversal of a correct judgment.

Findings of fact are no longer essential to the review of a judgment or order (section 4107, Code), and, when made, may be assailed by the appel-

5. SAME.

lee as not warranted by the evidence, in order to sustain the judgment of the trial court.—*Affirmed.*