## WILSON v. SHORICK.

1. Appeal: ORDER APPOINTING GUARDIAN FOR A LUNATIC. An appeal from an order of the County Court appointing a guardian for a lunatic is not an appeal from a decision on an issue of law.
2. —— An appeal lies from an order of the County Court appointing a guardian for an insane person. Section 1427, Revision of 1860, giving the County Court power to revoke letters of guardianship in such cases, where satisfied that the lunatic has been restored to reason, or that the letters were improperly granted, does not expressly, or by necessary implication, take away the right of appeal.

*Appeal from Cerro Gordo District Court.*

WEDNESDAY, DECEMBER 5.

THIS is an application by petition to the District Court for the allowance of an appeal, after the expiration of thirty days, from an order of the County Court appointing the defendant a guardian of the person and property of the plaintiff as a person of unsound mind. There was a demurrer to the petition, which was overruled, and the defendant appeals.

*J. W. Card* for the appellant.

*Starr & Patterson* for the appellee.

COLE, J.—The petition in this case alleges, that on the 7th day of October, 1864, the defendant was appointed by the County Court of Cerro Gordo county, guardian of the plaintiff as a person of unsound mind; that said appointment was made without any notice to this plaintiff; that such appointment was not known to him until thirty days from the making thereof, nor until some time in June, 1865, about eight months after it was made; that this plaintiff was not and is not an idiot, lunatic, or of unsound mind, or incapable of taking care of himself or of managing his own business affairs; that the appointment of this defendant, as his guardian, interfered with his business, and was contrary to his wishes, feelings and interests, and that one year had not intervened since said appointment. This petition was filed September 4, 1865, and was duly verified and prayed for the allowance of an appeal from the order appointing the guardian.

*1. APPEAL; order appointing guardian.*

The defendant demurred to the petition because : First, it showed that the order is sought to be appealed from on alleged errors of law and not on an issue of fact. Second, that the County Court had jurisdiction of matters relating to guardianship, and may for due cause shown revoke the appointment; and that plaintiff's remedy is in said court, and not on appeal, nor without first applying to said court for revocation of the said order. This demurrer was overruled and the defendant appeals.

I. It is a mistake to suppose that the order is sought to be appealed from on alleged errors of law and not on an issue of fact. The action of the County Court appointing a guardian was based, or ought to have been based, upon the fact of plaintiff's unsoundness of mind; and that fact would constitute the prime inquiry on the trial of the appeal, if allowed. Whether that fact must be proven by the prior proceeding, in the nature of an inquisition

of lunacy as provided for by section 1480 of the Revision, or by original evidence to be introduced on the hearing of the application for the appointment of a guardian, is a question not now presented for our determination.

II. An appeal is allowed from all decrees and decisions of the County Court on the merit of any matter affecting the rights of individuals, including an intermediate order involving the merit, and necessarily affecting the decree or decision. The appeal shall be taken within thirty days from the day on which the decision was made, &c. Revision, § 267. If the party entitled to an appeal fails, without fault on his part, to claim or perfect or prosecute his appeal, he may apply to the District Court, which, upon being satisfied of the above matter and that the case requires revision, may authorize an appeal to be taken on such terms as it deems reasonable, and may take such order as may be requisite to give it effect. But no appeal is to be allowed after a year, nor without due notice. Revision, § 270.

No question is made by the demurrer herein as to the sufficiency of the showing for the failure to prosecute the appeal within thirty days; but it is claimed that the remedy of the petitioner is by another proceeding. It is provided, by Revision, section 1457, that whenever the probate judge (County Court) shall be satisfied that a lunatic is restored to reason, or that letters of guardianship have been improperly issued under this act, he shall make an entry upon the records of his court that said guardianship terminate, and the guradianship shall thereupon cease, and the accounts of the guardian shall be settled by the court.

It is probably true that the plaintiff in this first proceeding might obtain as full and complete remedy under the provisions of this section, as he can by an appeal; but this fact does not by any means deprive him of his

right to an appeal. In other words, this section does not expressly, nor by necessary implication, take away the right of appeal, which is clearly given by the general law as to appeals, before cited, and that right therefore remains to him. See *Barrow* v. *Easton et al.*, 3 Iowa, 76 ; *Ament* v. *Humphrey*, 3 G. Gr., 255 ; *Reynolds* v. *Miller*, 6 Iowa, 459 ; *George* v. *Parker*, 16 Id., 530 ; *City of Des Moines*, v. *Layman*, *ante*, 153. Remedial Statutes were always construed liberally, *Lyne* v. *Hoyle*, 2 G. Gr., 135 ; *Steamboat Kentucky* v. *Brooks*, 1 G. Gr., 398 ; and to now hold that the providing of an additional remedy, should operate as an appeal by implication of a former and more general remedy, would be a step backward and directly in the face of the still more liberal rules of construction provided for by our law. Rev., §§ 2622, 5112.

Affirmed.