Robinson v. Rippey et al.

of the court at special term, and the judgment rendered
thereon.

The judgment is affirmed, with costs.

Filed May 23, 1887.

---

No. 13,196.

## ROBINSON v. RIPPEY ET AL.

STATUTE.—*Repeal by Implication.*— *Gravel Road Acts.*—*Separate Systems of
Procedure.*—The gravel road law of March 3, 1877, was not repealed by
the act of April 8, 1885, on the same subject; but an intention being
manifested to not repeal the former act, two systems for the construc-
tion of gravel roads and the making and collection of assessments are
created. *Deisner* v. *Simpson*, 72 Ind. 435, distinguished.

SAME.—*Similarity of Provisions of Two Statutes.*—*Inconvenience.*—If an inten-
tion to construct two systems for the government of the same subject is
manifested, the similarity in the provisions of the two statutes, and
the inconvenience worked thereby, are not sufficient to constitute a
repeal of the earlier one by implication.

SAME.—*Later Act Covering Same Subject-Matter.*— *When Former Act not
Repealed.*—The rule that where a later act covers the whole subject-
matter of a former one, and contains irreconcilable provisions, a repeal
will be implied, fails where an intention not to repeal is manifested
and where both acts may stand.

SAME.—*Incompleteness of Act.*—*Construction.*—It is not a sufficient objection
to an act that it is not in itself complete in every part, for in interpret-
ing and enforcing a statute it is not to be considered alone, but as part
of a system of law.

GRAVEL ROAD.—*Petition.*—*Signers to.*—*Jurisdiction.*—*Practice.*—Where the
petition for the construction of a gravel road on its face does not dis-
close the absence of jurisdictional facts, and no objection is made to it
before the board of commissioners, an objection that it is not signed by
the requisite number of freeholders is not maintainable on appeal.

SAME.—*Jurisdiction not Ousted by Delay.*—After jurisdiction has been once
acquired by the county commissioners, it is not ousted by mere delay
in taking action in the case.

SAME.—*Notice.*—*Appearance.*—Where a party appears without making an

objection to the sufficiency of the notice, he can not make such objection on appeal.

From the Clinton Circuit Court.

*T. F. Davidson, F. M. Dice* and *J. N. Sims,* for appellant.
*S. O. Bayless, W. H. Russell, J. V. Kent* and *J. W. Merritt,* for appellees.

ELLIOTT, J.—The controlling question in this case is whether the gravel road law of March 3d, 1877, was repealed by the act of April 8th, 1885. The latter act does not contain any repealing clause, but on the contrary, expressly asserts an intention not to repeal any former law, for in section 20 it is written: " This act is not intended to repeal any law now in force for the construction of gravel or macadamized roads." Acts of 1885, 162.

There are very material differences in the provisions of the two acts; in many respects they are inconsistent, while in others they are substantially the same. Each act taken in itself constitutes a complete scheme or system for the construction of gravel roads, and for the method of procedure in making and collecting assessments.

The question presented is a very perplexing one, but, after the most careful study we have been able to give it, we have reached the conclusion that it was the intention of the Legislature to create two systems, and not to repeal the former law.

The fact that both of the statutes are directed to the attainment of the same end does not warrant the conclusion that the later repeals the former. Statutes constructing two systems for the government of the same subject may both stand. *Beals* v. *Hale,* 4 How. 37; *Wood* v. *United States,* 16 Pet. 342, 363; *Daviess* v. *Fairbairn,* 3 How. 636; *Raudebaugh* v. *Shelley,* 6 O. S. 307.

Mr. Bishop thus states the rule: " Two or more separate laws may establish the same right, or provide redress for the

same wrong. And the person seeking to enforce the right or avenge the wrong may proceed on the law he chooses." Bishop Written Laws, section 163d.

In the legislation upon the subject of drainage we have an example of the creation of two distinct schemes for the attainment of the same end, and these statutes have been sustained and enforced. *Lipes* v. *Hand*, 104 Ind. 503; *Shaw* v. *State, etc.*, 97 Ind. 23; *Buchanan* v. *Rader*, 97 Ind. 605; *Crist* v. *State, ex rel.*, 97 Ind. 389; *Meranda* v. *Spurlin*, 100 Ind. 380. There is, therefore, no intrinsic difficulty in maintaining the theory that two systems were created by the Legislature, and the fact that the statutes relate to the same subject, and seek the same end, does not necessarily require it to be held that the later supersedes the earlier.

It does not follow that because two statutes contain similar provisions the earlier is abrogated, for, if the intention to construct two systems is manifested, the similarity in the provisions of the two statutes will not supply a valid reason for declaring the earlier to be repealed by implication. The principle which controls this phase of the question was decided in *Powers* v. *Shepard*, 48 N. Y. 540, for, as the reporter's head-note states, it was there held that " The re-enactment of certain of the sections of one act, in a subsequent one providing for a different scheme, is not a repeal by implication of those sections in the first act." Our own cases give a substantial recognition to this doctrine. *Cheezem* v. *State*, 2 Ind. 149; *Martindale* v. *Martindale*, 10 Ind. 566; *Cordell* v. *State*, 22 Ind. 1; *Gorley* v. *Sewell*, 77 Ind. 316 (319).

It may, perhaps, be true that confusion will result from framing two systems for the government of one subject, and that it is an unwise exercise of power; but the wisdom or expediency of a statute is a question for the Legislature, and not for the court. *Eastman* v. *State*, 109 Ind. 278. The courts can do no more than determine the validity of the statute, and, having adjudged it valid, ascertain and enforce

the legislative intention; they can not, as Judge Cooley says, run a race of expediency with the Legislature. Nor will mere inconvenience, worked by the similarity of two statutes, justify the courts in declaring that the earlier is impliedly repealed by the later. *Waldo* v. *Bell,* 13 La. Ann. 329; *Mitchell* v. *Duncan,* 7 Fla. 13; *Raudebaugh* v. *Shelley, supra;* *State* v. *Berry,* 12 Iowa, 58; *Wilson* v. *Shorick,* 21 Iowa, 332.

The addition to an existing system does not necessarily imply its abrogation. In discussing this subject the Supreme Court of the United States said: "It is true that exercise of appellate jurisdiction, under the act of 1789, was less convenient than under the act of 1867, but the provision of a new and more convenient mode of its exercise does not necessarily take away the old; and that this effect was not intended is indicated by the fact that the authority conferred by the new act is expressly declared to be 'in addition' to the authority conferred by the former acts. Addition is not substitution." *Ex parte Yerger,* 8 Wall. 85 (105).

In the case before us, the Legislature declares that the former act is not repealed, and, in the face of that declaration, we can no more say, than could the court in the case from which we have quoted say of the statute then under discussion, that the later act is a substitute for the earlier.

Repeals by implication are not favored. On this subject the Supreme Court of the United States said: "They are seldom admitted except on the ground of repugnancy; and never, we think, when the former can stand together with the new act." *Ex parte Yerger, supra.*

If the act of 1885 was silent as to the legislative intent, there would even then be some doubt, under the familiar doctrine stated in the case referred to, whether it would not be the duty of the courts to adjudge that the former statute was not repealed; but, however this may be, in the statute before us there is a broad and express assertion that it was not the intention to repeal any former laws, and we can not regard that assertion as ineffective and meaningless. We

must adjudge that two systems were created, and, as was done in the case cited, hold that the two statutes may stand together.

In *Tyson* v. *Postlethwaite*, 13 Ill. 727, it was held that a statute is not repealed by implication where the Legislature had no intention to repeal it, and this statement of the law was approved in *Blain* v. *Bailey*, 25 Ind. 165. In this instance the legislative declaration of intention is as strong and plain as words could make it, and the courts have no right to disregard the intention so plainly and strongly stated, but they must, if there is any way of doing so, give effect to that intention, and the way in which it can be done is to hold, as we do hold, that two systems were created by the two statutes. If the Legislature should, by plain and imperative words in a later act, repeal an earlier one, it may be that a declaration of an intention not to repeal would be fruitless in the event that there was no possible way of maintaining both of the statutes. Bishop Written Laws, section 41. But there is here a legal way—a way both possible and practicable, and neither unusual nor unreasonable—in which the two statutes may be upheld, and that is, by adjudging that two different systems were created. The case of *Deisner* v. *Simpson*, 72 Ind. 435, is to be discriminated from the present, for the reason that, in that case, there was no possible way in which to give effect to the formal declaration of intention; while here the way is open, because it can be adjudged, both on principle and authority, that the Legislature has power to create two systems, and that it has done so. In this case there are two distinct systems, each complete in all its parts and capable of practical enforcement; for the frame of the petition, the parties, and the character of the notice, will inform the court of the method of procedure adopted, and apprise it of the statute under which the petitioners have elected to proceed. Possibly, as we have already suggested, confusion and evil may result, although this is by no means a necessary consequence; but if it were,

the fault is that of the law-makers, and the remedy is in their hands.

We are not unmindful of the general rule that where an act covers the whole subject-matter of the older law and contains provisions that can not be reconciled with it, a repeal will be implied; but, while keeping in mind the rule, we must also keep in mind the principle on which it rests, which is, that the enactment of the new statute covering the whole subject is an expression of an intention to repeal the old law. It is obvious that this reason fails where, as here, there is a positive and unequivocal assertion that there is no intention to repeal the older statute, and where the reason of the rule fails the rule fails. In the face of the express and unequivocal assertion that it is not the intention to repeal any former law, no intention can be implied from the fact that the new statute covers the whole subject. It is difficult to conceive any logical ground upon which an implied intention can be made to rule and override an expressed one, and, certainly, that result can not be permitted where it can, without violating any legal principle or introducing any novel doctrine, be adjudged that the purpose of the new statute was to create a new system. In this case we can not declare that the act of 1885 repeals the former law without utterly disregarding the positive words of the statute and ignoring the familiar rule that repeals by implication are not favored, and that where both statutes may stand neither shall fall.

We can not concur in the view of appellant's counsel, that the act of 1885 is not complete. It is probably true that, detached from all other laws, written and unwritten, it is incomplete in the sense that it can not be practically administered, but it is not to be so detached; on the contrary, it is to be taken as part of one great and uniform system of law, and not as an isolated act, independent of all others. *Humphries* v. *Davis*, 100 Ind. 274 (284) (50 Am. R. 788); *State* v. *Boswell*, 104 Ind. 541 (545); *Robertson* v. *State, ex*

rel., 109 Ind. 79 (87); *Lutz* v. *City of Crawfordsville*, 109 Ind. 466 (468).

No statute stands entirely alone, for, in interpreting and enforcing it, aid is obtained from the rules of the common law as well as from other statutes.

Mr. Bishop says: " Every statute, as just said, combines and operates with the entire law whereof it becomes a part." Bishop Written Laws, section 7.

It is universally true that every statute in some degree interfuses with the great body of the law of which it forms a part, for, if this were not so, the law would be not merely a mass " of codeless precedents," but a mass of disjointed fragments. Elaborate as our code of civil procedure is, and careful as were the efforts to make it cover the whole field of pleading and practice, resort, nevertheless, is often made to the common law in order to give it just effect. It is upon the great principle we have stated that it has been frequently held that in what are termed special proceedings aid is to be secured from the civil code. *Evans* v. *Evans*, 105 Ind. 204; *Bass* v. *Elliott*, 105 Ind. 517; *Burkett* v. *Holman*, 104 Ind. 6; *Burkett* v. *Bowen*, 104 Ind. 184; *Powell* v. *Powell*, 104 Ind. 18; *Robertson* v. *State, ex rel.*, supra.

It is hardly too much to say, that no statute which applies to a general subject, and is to be enforced by judicial proceedings, is to be considered apart from all other laws, for, surely, no one statute of the character indicated can be reasonably deemed the sole repository of the law upon a general subject, governing all its phases and incidents. It would be unreasonable to presume that the Legislature meant to embody the law on such a subject in a single statute. It is, therefore, not a sufficient objection to the act of 1885 that it is not in itself complete and perfect in every part. An examination of the act will, however, disclose that it is far more full in detail and much more specific in its provisions than most statutes.

A repeal of the act of 1877 would lead to very disastrous

consequences, for it would sweep away assessments made under it,·and leave many counties with heavy burdens, and suffer those who have reaped special benefits to escape payment of the tax imposed upon them in consideration of those benefits. This would result because of the settled rule that the repeal of a statute authorizing the levying of taxes or assessments destroys the lien of such taxes and assessments, unless there is a saving clause in the repealing statute; and in the statute now under immediate discussion there is no saving clause. *Marion, etc., G. R. Co.* v. *Sleeth,* 53 Ind. 35; *Webb* v. *Brandywine, etc., T. P. Co.,* 55 Ind. 441; *Gorley* v. *Sewell, supra.* We do not believe the Legislature intended to sweep away all former uncollected assessments, and, for that reason, among others, declared that the former law was not repealed.

We have not examined the question presented by the appellee's contention that the act of 1885 is unconstitutional, for the case may be disposed of without deciding that question. We do not, therefore, decide anything upon that question, but concede, without deciding, that the act of 1885 is constitutional and valid.

It is contended by appellant's counsel that the board of commissioners had no jurisdiction of the subject-matter, for the reason that the petition was not signed by the requisite number of freeholders. But we think that there was such a petition as invoked the jurisdiction of the board, and that, although it may have been defective, still the proceedings are not void. The petition on its face does not reveal the absence of jurisdictional facts, and no objection was made to it before the board, so that we think the point now made is not maintainable. *Stoddard* v. *Johnson,* 75 Ind. 20; *Coolman* v. *Fleming,* 82 Ind. 117; *Rutherford* v. *Davis,* 95 Ind. 245; *Forsythe* v. *Kreuter,* 100 Ind. 27; *Pickering* v. *State, etc.,* 106 Ind. 228, and cases cited p. 231; *Lowe* v. *Ryan,* 94 Ind. 450; *Bradley* v. *City of Frankfort,* 99 Ind. 421.

It is claimed that the proceedings are invalid because no

Robinson *v.* Rippey *et al.*

bond was filed with the board as required by the act of 1877; but we find a bond in the transcript sent up from the commissioners' court, and, as that court assumed jurisdiction, the fair presumption is that the bond was properly filed. If, however, we were wrong in this, still the appellant is in no situation to here urge the point, for he made no objection before the commissioners, although he was in court. It is held in some of the cases referred to, and in many others, that a party must make objections in the commissioners' court in order to avail himself of them on appeal. *Green* v. *Elliott*, 86 Ind. 53; *McKee* v. *Gould*, 108 Ind. 107; *Osborn* v. *Sutton*, 108 Ind. 443, and cases cited.

The delay of the commissioners in taking action in the case did not oust their jurisdiction. As jurisdiction was once acquired, it remained until the final disposition of the case, although there may have been intervening errors or irregularities. *Black* v. *Thomson*, 107 Ind. 162; *McMullen* v. *State, ex rel.*, 105 Ind. 334; *Hobbs* v. *Board, etc.*, 103 Ind. 575.

The notice of the meeting of viewers was such as gave the appellant opportunity to be heard, and he, therefore, had his day in court; but if it were true that the notice was not sufficient, still, as he appeared, and, although other objections were urged, made no such objection as that here insisted on, he can not successfully make it now. *Updegraff* v. *Palmer*, 107 Ind. 181, and cases cited.

Judgment affirmed.

Filed May 23, 1887.