Ely *et al. v.* The Board of Commissioners of Morgan County *et al.*

Filed Nov. 29, 1887.

No. 13,494.

ELY ET AL. *v.* THE BOARD OF COMMISSIONERS OF MORGAN COUNTY ET AL.

FREE GRAVEL ROAD.—*Board of Commissioners.—Jurisdiction.— Petition.*— The presentation of a petition for the establishment of a free gravel road to the board of commissioners, which is in substantial conformity with the provisions of the statute, calls into exercise the jurisdiction of the board for the determination of the sufficiency of the petition in both form and substance, whether it was signed by the requisite number of land-holders, and every other fact precedent or concurrent necessary to the granting of the petition.

SAME.—*Judgment.—Collateral Attack.*—The judgment of a board of commissioners establishing a free gravel road, after jurisdiction has been properly acquired, can not be collaterally assailed by a complaint which denies the jurisdiction of the board, on account of an alleged non-compliance with the statute, which requires the petition to be signed by a majority of the land-holders within certain territory.

From the Morgan Circuit Court.

*A. W. Hendricks, O. B. Hord, A. Baker, E. Daniels* and *W. S. Shirley,* for appellants.

*J. H. Jordan* and *O. Matthews,* for appellees.

HOWK, J.—In this case, the only error of which complaint is here made by appellants, the plaintiffs below, is the

| | |
|---|---|
| 112 | 361 |
| 113 | 15 |
| 114 | 71 |
| 114 | 576 |
| 116 | 352 |
| 116 | 381 |
| 121 | 392 |
| 112 | 361 |
| 128 | 76 |
| 112 | 361 |
| 130 | 520 |
| 112 | 361 |
| 131 | 334 |
| 131 | 424 |
| 112 | 361 |
| 135 | 334 |
| 112 | 361 |
| 140 | 254 |
| 143 | 519 |
| 112 | 361 |
| 148 | 471 |
| 112 | 361 |
| 155 | 488 |
| 155 | 496 |
| 156 | 167 |

sustaining of the separate demurrers of the appellees to their complaint herein.

The complaint was filed in the court below on the 16th day of October, 1886. It was alleged therein by the appellants that, on the 5th day of June, 1886, Peter Slaughter and seventy-nine other persons filed a petition with the board of commissioners of Morgan county, praying for the improvement of the public highway running from the town of Brooklyn, in such county, to the city of Indianapolis, as such highway then ran, by way of the Brooklyn and Waverly gravel road to the Red House, and from such Red House, by way of Landersdale, to the boundary line between the counties of Morgan and Marion, in this State, and praying further that such public highway be graded and gravelled, and made a free gravel road, under the provisions of an act of the General Assembly of this State, approved April 8th, 1885; that, at the time of the filing of said petition with such board, a majority of the resident land-owners and land-holders of the county, whose lands were situated within two miles of said proposed improvement and were liable to be assessed therefor, had not signed such petition, and, in fact, not more than one-third of the resident land-holders whose lands were to be assessed for said improvement, as provided in section 2 of the aforesaid act, had signed said petition, the names and signatures of said Peter Slaughter and said seventy-nine other persons being the only names and signatures attached to said petition; that such board of commissioners, notwithstanding a majority of the land-holders whose lands were situated within two miles of such proposed improvement, and to be assessed therefor, had not signed the petition for said improvement, and when, in truth and in fact, not more than one-third thereof had signed the same, proceeded, without right and without having jurisdiction of such proceedings, at its June term, 1886, and appointed three disinterested freeholders of the county as viewers, and a competent surveyor to proceed upon a day named by the board to

examine, view, lay out or straighten such road and proposed improvement, and to assess the lands therefor.

And appellants further alleged, that such viewers and surveyor proceeded, as provided in said act, to view, examine and lay out said highway, as prayed for, and assess the lands within two miles thereof for the construction of the same, which assessment aggregated the sum of $9,760; that appellants at no time signed such petition; that the whole number of resident land-holders and land-owners severally owning lands within two miles of the proposed improvement, and whose lands were to be and had been assessed therefor, was two hundred and eighty; that, after the viewers and surveyor had made such assessment and filed their report thereof with the auditor of such county, notice was given by the auditor for the hearing thereof before such board of commissioners, on the 16th day of September, 1886; that, on the 17th day of September, 1886, such board entered upon its order-book an order that such improvement be made, and confirmed the assessments so made upon the lands aforesaid, in the aggregate sum of $9,760, which order remained in force and unrevoked; that, after making such order, the county board appointed appellee Pearce superintendent of the work and improvement; that appellee Pearce had given notice to let out the work for such improvement, and was letting such work with the view of making the improvement, under the order of the county board, intending to issue certificates to contractors to collect such assessments of said land-owners and appellants.

And appellants averred that, at and before the time the county board made and entered upon its order-book such order for said improvement, and confirmed such assessments so made as aforesaid, such board was notified and informed by a portion of such land-holders and owners that a majority of the resident land-holders and owners, whose lands were within two miles of the proposed improvement and had been assessed therefor, had not signed a petition praying

the county board for such improvement; but with such notice and information, in utter disregard of the rights of appellants and other land-holders, and in violation of the provisions of sections 2 and 5 of the aforesaid act, the county board made such order for said improvement and confirmed said assessments as aforesaid, and appointed such superintendent and ordered him to proceed with such work; that the taxes assessed against appellants' lands, within two miles of the proposed improvement, aggregated the sum of $1,000, and were liens and clouds upon their titles to such lands, and, in like manner, the lands of all the land-holders whose lands were within two miles of the proposed improvement, and had been assessed therefor. Wherefore, etc.

The act approved April 8th, 1885, whereof mention is made in appellants' complaint herein, the substance of which we have given, is entitled "An act concerning gravel and macadamized roads." Acts of 1885, p. 162. The act contains twenty sections, the last of which, section 20, reads as follows: "This act is not intended to repeal any law now in force for the construction of gravel and macadamized roads." At the time of the passage, approval and taking effect of the above entitled act of April 8th, 1885, the laws in force "for the construction of gravel and macadamized roads" were an act approved March 3d, 1877, entitled "An act authorizing boards of county commissioners to construct gravel, macadamized, or paved roads, upon petition of a majority of resident land-owners along and adjacent to the line of any road," etc., and acts subsequently passed amendatory thereof or supplemental thereto. Sections 5091 to 5114, R. S. 1881, and Acts of 1883, p. 121. From the law in force for the construction of gravel and macadamized roads, on and before the 8th day of April, 1885, the above entitled act then approved differs in some very material and important particulars. What the effect of this difference must be, in any case of direct and positive conflict between the provisions of the older law and those of the later act, we need not in-

quire nor attempt to determine in the cause now before us. It will suffice to say in this connection, that in *Robinson* v. *Rippey*, 111 Ind. 112, in view of the provisions of section 20, above quoted, of the later act, it was held by this court, upon full consideration, that the General Assembly did not intend, in the enactment of the above entitled act of April 8th, 1885, to repeal or supersede the older law, then in force, for the construction of gravel and macadamized roads, but did intend therein and thereby to provide another and an additional mode or system for the construction of such roads. *Board, etc.,* v. *Fullen,* 111 Ind. 410.

In the case in hand, however, it is shown by the allegations of appellants' complaint that the proceedings for the construction of the free gravel road, whereof they complain, were instituted before the board of commissioners of Morgan county on the 5th day of June, 1886, long after the above entitled act of April 8th, 1885, had taken effect and was in force, and under its provisions.   There is no substantial difference between the provisions of section 1 of such act and those of section 5091, *supra.*   In section 2 of the later act it is provided as follows :   "Upon the presentation to the board of commissioners of any county of a petition stating the kind of improvement prayed for and the points between which the same is asked, signed by a majority of the resident land-holders of the county whose lands are within two miles of the proposed improvement, the said board of commissioners shall appoint three disinterested freeholders of the county as viewers," etc.

Appellants claim that, under these statutory provisions, and upon the averments of their complaint admitted to be true by appellees' demurrers, the board of commissioners of Morgan county did not have, and could not acquire, jurisdiction of the petition of "Peter Slaughter and seventy-nine other persons" mentioned in such complaint. Therefore, they further claim that all the proceedings and orders of such county board, had and made under said petition for the con-

struction of the free gravel road described in their complaint, were so had and made by such county board without jurisdiction of the subject-matter, and were unauthorized by law and wholly void. Their course of reasoning is this: They allege in their complaint, and appellees admit by their demurrers thereto, that the petition of Slaughter and others was not signed, as the statute requires, " by a majority of the resident land-holders of the county whose lands are within two miles of the proposed improvement;" and, therefore, appellants insist that such petition was not sufficient to give the board of commissioners of Morgan county jurisdiction of the subject-matter of such improvement. But the presentation of such petition to the county board called into exercise its jurisdiction, and required such board to determine as to the sufficiency of the petition, both in form and substance, whether or not it was signed by a majority of the resident land-holders of the county whose lands were within two miles of the proposed improvement, and every other fact, precedent or concurrent, necessary to the granting of the prayer of such petition. *Million* v. *Board, etc.,* 89 Ind. 5; *Strieb* v. *Cox,* 111 Ind. 299.

This precise question was considered by this court, with especial reference to the provisions of the above entitled act of April 8th, 1885, in *Robinson* v. *Rippey, supra.* The court there said: " It is contended by appellant's counsel that the board of commissioners had no jurisdiction of the subject-matter, for the reason that the petition was not signed by the requisite number of freeholders. But we think that there was such a petition as invoked the jurisdiction of the board, and that, although it may have been defective, still the proceedings are not void. The petition on its face does not reveal the absence of jurisdictional facts, and no objection was made to it before the board, so that we think the point now made is not maintainable." See, also, the cases there cited.

The right, the power, to hear and determine is jurisdiction, and this right and power were and are fully conferred upon

any board of commissioners of any county within this State in all proceedings under the aforesaid act of April 8th, 1885, for the construction of gravel and macadamized roads. This is so, even upon the question as to whether or not the petition presented to such county board was or is signed by a majority of the resident land-holders of the county whose lands were or are within two miles of the proposed improvement. The closing sentence of section 2 of such act prescribes a rule for the government of the county board in the decision of this question, as follows : " In determining said majority, minor heirs shall not be counted for or against such improvement, unless represented by a legal guardian, and the action of such guardian shall be binding upon such minors."

Now, for aught that appears to the contrary in appellants' complaint herein, fully one-half of the 280 resident landholders of Morgan county, as alleged, whose lands were within two miles of the proposed improvement which they sought, and still are seeking, to enjoin, were at the time of the presentation of the petition for such improvement, and at the time of the hearing thereof by the county board, minor heirs who were not represented by any legal guardian. If this were so, and, as against the appellants, we may assume that such was the fact, the county board properly refused to count such minor heirs either for or against the proposed improvement, and correctly decided, for aught that appellants have shown to the contrary, that the petition for such improvement was signed by a majority of the resident land-holders of the county whose lands were within two miles of the improvement prayed for, who were competent under the statute to sign such petition, and whose names must be counted for or against such improvement " in determining said majority." It follows, therefore, that if the appellants could impeach the proceedings of the county board, whereof they complain, in this collateral suit, upon the alleged ground that the petition was not so signed by the requisite number of landholders as to give the board jurisdiction of the subject-matter,

they have failed to state a cause of action in their complaint, in this, that they have wholly failed to show by proper averments therein that the persons who signed such petition were not a majority of the resident land-holders of Morgan county, who were competent under the statute to sign such petition, and who must be counted either for or against the improvement prayed for.

We must assume, in the absence of any averment to the contrary, that the county board found and determined that the petition of " Peter Slaughter and seventy-nine other persons " for the construction of the free gravel road described in the complaint herein was signed by a majority of the resident land-holders of the county whose lands were within two miles of the proposed improvement, and who were otherwise competent under the statute to sign such petition. It may be that the county board erred in this finding and decision, but the board had jurisdiction of the question, and was required and empowered by the statute to decide it. In such case, " the decision, whether right or wrong, can not be regarded as void, but is binding unless appealed from or avoided in some legitimate mode. * * * The power to decide at all necessarily carries with it the power to decide wrong as well as right." *Snelson* v. *State, ex rel.*, 16 Ind. 29. *Million* v. *Board, etc., supra; State, ex rel.*, v. *Board, etc.*, 101 Ind. 69; *Young* v. *Sellers*, 106 Ind. 101.

If it be conceded, therefore, that the county board erred in deciding that the petition for the construction of the free gravel road, described in the complaint herein, was signed by a majority of the land-holders of the county who were competent under the statute to sign such petition, it can not be held in this collateral suit that such erroneous decision of the board was void, or was sufficient, of itself, to render void the subsequent proceedings of the board under such petition. For any and all errors in such proceedings of the county board, the above entitled act of April 8th, 1885, affords a full, complete and adequate remedy to any person

aggrieved thereby, by providing for an appeal from such proceedings to the circuit court of the county. Appellants admit in their complaint that the statutory notice was duly given of the time fixed for the hearing of such petition, and of the report of the viewers and surveyor; and it may be fairly assumed, we think, in the absence of averment to the contrary, that they had actual notice of the pendency of such petition, and of the proceedings of the county board thereon. It is not shown by their complaint that appellants remonstrated against the proposed improvement, or resisted it in any manner, before the county board, although the statute provides for the trial by the board of issues of fact; nor is it shown that appellants, or either of them, ever appealed from the proceedings of the board to the circuit court of Morgan county.

In their complaint herein, appellants collaterally attack the validity of the proceedings and orders of the board of commissioners of Morgan county for the construction of the free gravel road described therein. Such proceedings and orders, however erroneous they may have been, were not shown by the averments of such complaint to have been void. As in other cases of collateral attack, in the absence of averment or showing to the contrary, every reasonable presumption must be indulged here, in the case now before us, in favor of the regularity, legality and validity of such proceedings and orders of the county board. This is settled by many decisions of this court. *Exchange Bank* v. *Ault,* 102 Ind. 322; *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486; *Indiana, etc., Co.* v. *Louisville, etc., R. W. Co.,* 107 Ind. 301; *Walker* v. *Hill,* 111 Ind. 223.

In conclusion, we are of opinion that the court below committed no error in sustaining appellees' demurrers to appellants' complaint herein.

The judgment is affirmed, with costs.

Filed Nov. 29, 1887.