ETTINGER, ETC. *v.* ROBBINS ET AL.

[No. 28,056.   Filed February 16, 1945.]

*R. McDonald Kroger,* of Indianapolis, for appellant.

*Leo M. Rappaport, Herbert E. Wilson and Alan W. Boyd,* all of Indianapolis, *Amici curiae.*

GILKISON, J.—Appellant recovered a judgment against appellee, Robbins, for $78.00 and costs, in Municipal Court No. 2 of Marion County, on October 14, 1943. On December 10, 1943, appellant filed his verified petition in garnishment against Robbins, and Curtiss-Wright Corporation. On December 20, 1943, appellant filed interrogatories in the latter cause to be answered by Curtiss-Wright Corporation, and Robbins was ordered by the court to appear on January 8, 1944, to answer as to his property, assets, income and wages, and Curtiss-Wright Corporation was ordered to answer the interrogatories before said date.

Trial of garnishment proceedings was had and on January 24, 1944, the court rendered judgment for the appellees and against appellant for costs, on said proceeding. Motion for new trial was overruled, an appeal was granted and perfected. The assignment of error is "The court erred in overruling appellant's motion for new trial." The motion for new trial is, "that the decision of the court is not sustained by sufficient evidence and is contrary to law."

The court's order to the defendant, Robbins, to appear on January 8, 1944, and answer as to his property, etc., was placed in the hands of the Sheriff of Marion County for service and return, and the Sheriff's return on the back thereof is as follows: "Came to hand December 30, 11:25 a. m., '43, and served this writ by leaving a true copy of the same at the last and usual place of residence of the within named Kenneth Robbins. Dec. 30, 1943." This return is duly signed. The appellee, Robbins, did not respond to this notice, and the trial of the garnishment proceedings was had in his absence.

The evidence consisted of appellant's judgment; the execution issued thereon against the property of the appellee, Robbins, and that it was returned unsatisfied on December 16, 1943; the evidence of appellant's manager that to the best of his knowledge nothing has been paid on the judgment, and that the appellee, Robbins, is a resident of Marion County, Indiana, and he was a resident of said county on November 30, 1943; the interrogatories submitted by appellant to the appellee Curtiss-Wright Corporation and the verified answers thereto by said appellee, showing that one Kenneth Robbins is an employee on its payroll, receiving an average weekly income therefrom of $25.88, and

that there are no garnishment orders in effect with said appellee against Robbins.

On this evidence the court below rendered its finding and judgment, which omitting caption and signature is as follows:

"Comes now the court and overrules the plaintiff's motion for an order in garnishment for the following reasons: (1) there is no evidence, other than the garnishee defendant's answer to interrogatories and the plaintiff's verified petition that the judgment defendant has wages or income due from the garnishee defendant; (2) the answers to interrogatories are merely admissions of the garnishee defendant, binding upon the garnishee defendant but not binding upon the judgment defendant, and the verified petition of the plaintiff is not sufficient evidence upon which to base an order; (3) the Court believes that such proceedings contemplates oral examination and testimony of parties or witnesses with an opportunity on the part of the judgment defendant to cross-examine the witnesses as in other civil proceedings; (4) there is not a sufficient showing in this case that the judgment defendant had personal knowledge of the proceedings since the sheriff's return shows service of the order by leaving a copy of his last and usual place of residence and the judgment defendant did not appear as ordered by the court.

"Finding and judgment for the defendants, Kenneth Robbins and Curtiss-Wright Corporation, with costs against the plaintiff."

This is a proceeding supplementary to execution, brought under the statute. §§ 2-4401, 2-4402, 2-4403, 2-4404, 2-4405 and 2-4406, Burns' 1933 (Supp.). It is a statutory proceeding. One seeking to avail himself of a statutory right must by his pleading and evidence bring himself fairly within its terms. *Franklin* v. *Franklin* (1880), 71 Ind. 573, 575; *Fink* v. *Cleveland, etc. R. Co.* (1914), 181 Ind. 539,

543, 105 N. E. 116; *Pabst Brewing Co.* v. *Schuster* (1914), 55 Ind. App. 375, 380, 103 N. E. 950.

It is the rule in this state that, "When a new right or proceeding is created by statute, and a mode prescribed for enforcing it, the mode must be pursued to the exclusion of all others." *Boyd, Adm.* v. *Brazil Block Coal Co.* (1898), 25 Ind. App. 157, 162, 57 N. E. 732; *Storms* v. *Stevens* (1885), 104 Ind. 46, 47, 3 N. E. 401; *Ryan* v. *Ray* (1886), 105 Ind. 101, 106, 4 N. E. 214.

Section 2-4403, Burns' 1933 (Supp.), Acts 1943 page 483, under which appellant brought this action is as follows:

"After the issuing or return of an execution against the property of the judgment debtor or any one of the several debtors in the same judgment, and upon an affidavit that any person, corporation, municipal or otherwise, the state or any subdivision, or agency thereof has property of such judgment debtor, or is or will be from time to time indebted to him in any amount, although the amount shall be determined from time to time as it becomes due and payable, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, or the auditor of state, or auditing officer of the municipal corporations, subdivisions or agencies of the state, may be required to appear and answer concerning the same, as above provided: Provided, That such person or persons above named shall not be required to appear personally in court unless the judge of the court shall order the personal appearance in court of any such person or persons, and the court may order interrogatories to be submitted, and the same to be answered by such person or persons, and such interrogatories shall be submitted by the parties and a copy thereof, with blanks for answer, and a copy of the order of the court ordering the same answered shall be

transmitted to the person, corporation, or any member thereof, or the auditor of state or auditing officer of the municipal corporations, subdivisions or agencies of the state required to answer the same by the clerk of the court, by registered mail, and on receipt of such interrogatories and such order, such person, corporation or any member thereof, or the auditor of state or auditing officer of the municipal corporations, subdivisions or agencies of the state shall answer such interrogatories and return the same to such clerk by registered mail or personally and such court shall have full power to compel answers thereto."

It will be noted that this section does not provide for notice to the judgment defendant, but it does provide that the garnishee defendant or defendants "may be required to appear and answer concerning the same as above provided." However, the appellant caused a copy of the court's order in the matter to be served on the judgment defendant by the Sheriff of the County, who served it "by leaving a true copy of the same at the last and usual place of residence of the within named Kenneth Robbins."

This proceeding is undoubtedly a civil action, under the repeated holdings of this Court. *Hutchinson* v. *Trauerman* (1887), 112 Ind. 21, 24, 13 N. E. 412; *Burkett* v. *Holman* (1885), 104 Ind. 6, 10, 11, 12, 3 N. E. 406; *Kissell* v. *Anderson* (1881), 73 Ind. 485, 488, 489; *The Toledo, Wabash and Western Railway Co.* v. *Howes* (1879), 68 Ind. 458. It clearly comes within the statute for the enforcement of private rights. Section 2-101, Burns' 1933, among other things, provides:

". . . and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a 'civil action.' "

Since the law authorizing the proceeding omits to provide the notice to be given the judgment defendant, we think the general rules of civil procedure apply even to supply an obvious omission with respect to notice in the statute under which the action is brought. *Crume* v. *Wilson* (1886), 104 Ind. 583, 586, 4 N. E. 169; *Bass* v. *Elliott* (1886), 105 Ind. 517, 519, 5 N. E. 663; *Robinson* v. *Rippey* (1887), 111 Ind. 112, 118, 12 N. E. 141; *The Chicago and Atlantic Railway Company* v. *Summers* (1887), 113 Ind. 10, 15, 16, 14 N. E. 733.

In *The Chicago and Atlantic Railway Company* v. *Summers, supra,* this Court has said:

"It has often been held by this Court, and correctly so, we think, that the modes of procedure and rules of practice prescribed by our civil code in civil actions are all applicable to a special statutory proceeding for the enforcement of private rights, except where the statute, authorizing and regulating such special proceeding, has expressly or by fair implication prescribed a different course of procedure or rule of practice therein."

In *Crume* v. *Wilson, supra,* this Court said:

"We are of the opinion that in drainage cases the modes of procedure and the rules of practice prescribed by the civil code may properly be used to supply omissions in the drainage statutes."

and this statement is quoted with approval in *Bass* v. *Elliott, supra.*

In *Robinson* v. *Rippey, supra,* this Court said:

"No statute stands entirely alone, for, in interpreting and enforcing it, aid is obtained from the rules of the common law as well as from other statutes. . . . Elaborate as our code of civil procedure is, and careful as were the efforts to make it cover the whole field of pleading and practice, resort, nevertheless, is often made to the common

law in order to give it just effect. It is upon the great principle we have stated that it has been frequently held that in what are termed special proceedings aid is to be secured from the civil code."

In *Hutchinson* v. *Trauerman, supra,* this Court has said:

". . . It is settled by our decisions that a proceeding supplementary to execution . . . is a civil action. (Authorities.) The modes of procedure and rules of practice prescribed by our civil code in civil actions, therefore, are all applicable in a proceeding supplementary to execution, except where the statute authorizing and regulating such proceedings has expressly, or by fair construction, prescribed a different mode of procedure or rule of practice therein . . ."

See also *White* v. *White* (1933), 98 Ind. App. 587, 593, 594, 186 N. E. 349.

One serious question in this appeal is: How shall the order or notice be served on the judgment defendant? This question can be answered only by reference to the general rules of civil procedure. Our statute provides:

"The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence . . ." § 2-803, Burns' 1933.

The Sheriff, whose duty it was to serve the process, had a right to serve it on the judgment defendant in either of the two methods provided by statute, at his election. He has chosen to serve it "by leaving a copy thereof at his usual or last place of residence." This is sufficient service, and is a complete answer to the first contention of the attorneys *amici curiae.* However, it is suggested that there is no proof that appellee, Robbins, received actual notice of the order, and that there was no evidence to show

"that actual personal service could not have been made."
The answer is that this is true in every instance where
in a civil action the service is "by copy" as provided
by our statute. However, if the judgment defendant,
in fact, had no actual notice of the proceeding to his
injury, the usual proceedings, on an order in garnish-
ment, will forcibly bring the matter to his attention
and if he shall have a meritorious defense he may obtain
relief from the order by proceeding under clause 2,
§ 2-1068, Burns' 1933. The law of the state carefully
and properly guards every right of the judgment de-
fendant, if he is diligent.

It is also contended that the interrogatories submitted
to the garnishee defendant must be submitted by all
the parties to the action. It will be noted that
the statute provides "and such interrogatories
shall be submitted by the parties . . ." We do
not understand this to mean that the parties plaintiff
and defendant must agree upon the interrogatories to
be submitted, or that, if the party plaintiff or the
party defendant should fail or refuse to submit inter-
rogatories, then the other party may not do so, or that
the probative effect of such interrogatories and an-
swers submitted by one adversary will be in any way
affected by such failure or refusal. On the contrary,
it is a right each of the parties may exercise at their
option. That one party does not exercise this right
can not affect the rights of the other party who does.
The only purpose in providing for interrogatories and
answers is that they may be used in evidence in the trial
of the cause. It was, therefore, proper for the court
below to admit in evidence the interrogatories and an-
swers taken on behalf of appellant.

It is proper to note that the several sections of our
statute providing for proceedings supplementary to

execution, are designed and intended to aid in executing, or collecting the judgment that has been rendered, while carefully guarding the exemption rights of the execution defendant. The law contemplates that all persons should pay the obligations they have fairly contracted, and that no one may rightfully accumulate wealth in excess of his legal exemption, at the expense of his diligent judgment creditors.

It is also contended that the answers of appellee, Curtiss-Wright Corporation, would not support a judgment for appellant, because there is no evidence to show that the Kenneth Robbins who was on the payroll of said corporation was the same person as the judgment defendant, Kenneth Robbins.

We think the proof in the record is sufficient to require the trial court to indulge this inference that he is the same person, and that the inference will prevail unless and until it is removed by better evidence. The law provides an ample way to secure relief from an order in garnishment herein if the Kenneth Robbins on the Curtiss-Wright payroll is not the judgment defendant.

We think the appellant, as plaintiff in the court below, made a *prima facie* case and the finding and judgment should have been for him. The judgment is therefore reversed, with instructions to the court below to sustain plaintiff's motion for new trial and further proceedings agreeable with this opinion.

Note.—Reported in 59 N. E. (2d) 118.