## BRUNER v. BECKING.

[No. 18,991. Filed December 10, 1958.]

*Donald Baker*, of Terre Haute, for appellant.

*John F. O'Brien*, of Terre Haute, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action on an account brought by appellee against the appellant. The appellee recovered a default judgment before a Justice of the Peace against the appellant. The appellant thereupon appealed to the Superior Court of Vigo County No. Two and in the trial in the said Superior Court of Vigo County No. Two judgment was rendered in favor of appellee and against the appellant on the account sued upon. Thereafter, the appellant filed a motion for a new trial. The grounds of such motion not waived in this appeal were that the judgment of the lower court was contrary to law and was not sustained by sufficient evidence. Appel-

lant's motion for a new trial was overruled and this appeal followed.

The sole and only question presented in this appeal is based upon the contention that the Justice of Peace court which rendered judgment against appellant was without jurisdiction to render judgment in such cause. This contention is based upon the charge by appellant that the summons and service thereof was illegal and therefore such court was without jurisdiction to render such default judgment. The return on such summons reads as follows:

"Summons issued to James Dillion, Constable, for service, and returned, to-wit: Come to hand February 21, 1956; I served this writ by reading to and leaving a true certified copy with the defendant at his last and usual place of work at the Buick Garage, Terre Haute, Indiana. James Dillion, Constable."

The statute providing for the service of summons in such cases, §5-308, Burns' 1946 Replacement, reads as follows:

"Summons—Manner of service.—Such summons shall be served at least three (3) days before trial, by reading the same to the defendant, or leaving a copy thereof at his last usual place of residence; and if not so served, such cause shall be continued for a reasonable time."

Such statute provides for two different methods of service in the disjunctive. There is no requirement that a defendant must be served by both of such methods. There must be an effective and proper service by one of such methods. While it is true that summons cannot be properly served by leaving a copy at the place of business of a defendant, if the other alternative method of service is proper, which in this case consists of the reading of such summons to the de-

fendant, the statute is complied with and the court in such event acquires jurisdiction upon the basis of such summons. This conclusion is justified upon the plain words of the statute and by sound reasoning and authority. The Supreme Court, in the case of *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 59 N. E. 2d 118, in interpreting §2-803, Burns' 1933, with reference to the service of the summons which contains similar disjunctive wording as the statute in question in the instant case, states as follows in such decision:

"One serious question in this appeal is: How shall the order or notice be served on the judgment defendant? This question can be answered only by reference to the general rules of civil procedure. Our statute provides:

" 'The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence. . . .' §2-803, Burns' 1933.

"The Sheriff, whose duty it was to serve the process, had a right to serve it on the judgment defendant in *either* of the two methods provided by statute, at his election." (Our emphasis.)

For the reasons given herein the lower court did not err in overruling appellant's motion for a new trial, and other questions assigned as error have been waived by a failure to present the same in appellant's brief and this appeal having been presented to this court on the "sole and only" question that the court was without jurisdiction to render judgment in this case, this judgment is therefore affirmed.

NOTE.—Reported in 154 N. E. 2d 387.